(79 Misc. Rep. 418.)

### HINTON et al. v. BOGART.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

1. WORDS AND PHRASES—"WITHOUT PREJUDICE."

The words "without prejudice" import into any transaction that the parties have agreed that as between themselves the receipt of money by one and its payment by the other shall not of themselves have any legal effect on the rights of the parties, but they shall be open to settlement by legal controversy as if the money had not been paid.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7057–7059.]

2. LANDLORD AND TENANT (§ 118*)—TENANCY AT WILL—CREATION.

Where a life tenant, executing a lease for a specified term with the right of renewal, died during the term, and the remainderman served notice on the tenant of the life tenant's death, of the termination of the lease, and of the willingness that the tenant should continue to occupy the premises on the same terms until further notice, a tenancy at will was created.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 402–415; Dec. Dig. § 118.*]

3. LANDLORD AND TENANT (§ 148*)—HOLDING OVER AFTER DISPOSSESS PROCEEDINGS—LIABILITY OF TENANT.

A life tenant executed a lease for a specified term, calling for an annual rent and for the payment by the tenant of taxes. The remainderman on the death of the life tenant during the term notified the tenant of his willingness that he should occupy the premises on the same terms until further notice, and subsequently began dispossess proceedings, and obtained a final order limiting the tenant's term to a designated date, but the tenant held over after that time. Held, that the tenant holding over was not liable to pay taxes under the lease, in the absence of a new agreement, express or implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 520–532; Dec. Dig. § 148.*]

Appeal from City Court of New York, Trial Term.

Action by Alfred P. Hinton and others against George E. Bogart. From a judgment (139 N. Y. Supp. 1021) of the City Court of the City of New York entered pursuant to an order granting plaintiffs' motion for judgment on the pleadings, defendant appeals. Reversed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ferriss & Storck, of New York City (Stark B. Ferriss, of New York City, and H. C. Storck, of New York City, of counsel), for appellant.

Everett, Clark & Benedict, of New York City (Herman S. Hertwig, of New York City, of counsel), for respondents.

GERARD, J.  This action was brought by plaintiffs, owners of certain premises in the city of New York, to recover from the defendant the amount of taxes levied against the premises for the year 1911. Defendant took possession of the premises November 1, 1901, under a written lease for a term of 10 years, with a right of renewal for 10 years.   By the terms of this lease the defendant undertook to pay an annual rental of $1,800, and also to pay all taxes and assessments levied against the premises.  The lease was executed by Sarah Hinton, who at the time had a life estate only in the premises.  On July 30, 1906, this lessor, Sarah Hinton, died, and the remainder in the property vested in the plaintiffs.

The complaint alleges that since the death of the said Sarah Hinton the defendant has continued to occupy the premises, and is now in possession thereof, and has paid rent to the plaintiffs since that time and in the amount of the sums provided for in the lease, and has also paid the taxes and assessments levied for the years 1907, 1908, 1909, and 1910.  The plaintiff also alleges that a notice to quit was served on the defendant to quit the premises on or before May 1, 1910, and that on his failure to comply dispossess proceedings were commenced and a precept duly issued May 4, 1910, and a final order made on June 21, 1910, awarding possession of the premises to the plaintiffs; but that no warrant to remove the defendant has been issued on the said final order, and that defendant has continued to occupy and hold the premises, continuing to pay rent, but that he has failed to pay the taxes for the year 1911.   The answer of the defendant denies that he continued to occupy the premises as tenant of the plaintiffs after May 1, 1910, and denies that he paid rent to the plaintiffs after May 1, 1911, except that he admits that he occupied the premises after that date, and has paid for the use and occupancy of said premises thereunder without prejudice to his rights, as fixed by the final order entered in the dispossess proceedings, and denies that he paid the taxes for 1910 unconditionally, and alleges that they were paid without prejudice to the rights of the plaintiffs and of defendant as fixed by the final order, and alleges that he has paid sums of money for the use and occupancy of the said premises without prejudice to his rights as fixed by the final order, and sets up in a separate defense that everything done by plaintiffs and defendant after May 1, 1910, was done under the express agreement in writing between plaintiffs and the defendant, that these things were done without prejudice to the rights of plaintiffs or defendant as fixed and determined by said order.

In Hinton v. Bogart, 78 Misc. Rep. 46, 137 N. Y. Supp. 697, this court held upon an appeal, where a demurrer to the complaint in this action was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, that the payment of rent, as alleged in the complaint by the defendant and its acceptance by

plaintiffs, constituted a waiver of all rights under the dispossess proceedings, and that the relationship existing between plaintiffs and defendant prior to May 1, 1910, had been re-established, and with it the defendant's obligation to pay taxes. This decision, however, being based upon the complaint alone, was based upon the inference that there was an unconditional payment of rent and acceptance of the same after May 1, 1910. Now it is alleged in defendant's answer that all acts and things done after May 1, 1910, were done under the express agreement in writing; that they were so done without prejudice to the rights of the plaintiffs and defendant as fixed and determined by the final order in the dispossess proceedings.

[1] I think that the words "without prejudice" have a distinct meaning in law, and that they import into any transaction that the parties have agreed that as between themselves the receipt of money by one and its payment by the other shall not, because of the fact of the receipt or payment, have any legal effect upon the rights of the parties in the premises, and that such rights will be as open to settlement by legal controversy as if the money had not been turned over by the one to the other. Genet v. Delaware & Hudson Canal Co., 170 N. Y. 278, 63 N. E. 350.

[2, 3] After the death of Sarah Hinton, a life tenancy at will was created, because on or about August 24, 1906, the landlord served a notice on the defendant of the death of Sarah Hinton and the termination of his lease and of their willingness that he should continue to occupy the premises on the same terms until further notice; but, in any event, it seems to me that as the lease expired with the life of Sarah Hinton, July 30, 1906, that the notice served thereafter, followed by the dispossess proceedings and the final orders, limited the defendant's term to May 1, 1910, and that, if the defendant held over after that time, he held over without any obligation to pay taxes under the lease executed by him and Sarah Hinton, and if defendant is under any obligation to pay any taxes accruing after May 1, 1910, when his term expired, it must grow out of some new agreement, either express or implied, which came into existence after May 1, 1910, and as the answer of defendant alleges that every act thereafter between plaintiffs and defendant was without prejudice to whatever rights he had under the order of May 1, 1910, I think that the motion for judgment on the pleadings should not have been granted, and that the judgment and order appealed from should be reversed.

Judgment and order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.