SVENSKA TAENDSTICKS FABRIK AKTIEBOLAGET (Hereinafter Referred to as " THE SWEDISH MATCH COMPANY ") and Others, Official Court Liquidators of AKTIEBOLAGET KREUGER & TOLL, Appointed by and Acting Pursuant to an Order of the Court Having Jurisdiction of Bankruptcy Affairs in Stockholm, Sweden, Respondents, *v.* BANKERS TRUST COMPANY OF NEW YORK and Another, Appellants, Impleaded with FREDERICK W. ALLEN and Others, Defendants.

First Department, December 8, 1933.

*Clarence J. Shearn* of counsel [*B. B. Fensterstock* and *George H. Jaffin* with him on the brief; *White & Case*, attorneys, for appellant Bankers Trust Company of New York; and *Shearman & Sterling*, attorneys for appellant The National City Bank of New York], for the appellants.

*Charles R. Lowther* of counsel [*J. Donald Duncan* with him on the brief; *Auchincloss & Duncan*, attorneys], for the respondents.

*George K. Hourwich* of counsel [*Rosenberg, Goldmark & Colin*, attorneys], for the respondent Irving Trust Company, as trustee in bankruptcy of International Match Corporation.

*Jonas J. Shapiro* of counsel [*Winthrop, Stimson, Putnam & Roberts*, attorneys], for Edward S. Greenbaum, trustee in bankruptcy of Aktiebolaget Kreuger & Toll, as *amicus curiæ*.

Per Curiam. Plaintiffs are entitled to have their complaint treated as one in conversion. The provisions of section 287 of the Civil Practice Act are, therefore, not available to the appellants. Nor are the provisions of section 193 of the Civil Practice Act, as the appellants do not bring themselves within any of its subdivisions. The same is true with respect to the provisions of section 271 of the Civil Practice Act. The appellants have no true counterclaim within the purview of this section.

While concededly interpleader does not lie, the appellants maintain that under the broad equity powers of the court they are entitled to relief by way of a bill in the nature of interpleader. With this we agree. Notwithstanding the stipulation made in the equity suit brought in the United States District Court by the trustee, whereby any claim to be made was restricted to the amount of the balance of the proceeds of the sale of the securities, to which stipulation the plaintiffs were parties, the latter now seek to hold the appellants liable for the full value of the collateral pledged. The trustee also is asserting title to the same shares of stock. Under the circumstances the appellants might well be subjected to a double recovery, not only for the amount limited by the stipulation, but for the full value of the shares. If the relief requested by the appellants is granted all issues may be disposed of in one action, the respective claims against the appellants resolved in a manner binding upon all parties, and the appellants, if unsuccessful, compelled to pay but once.

Moreover, the plaintiffs, non-resident aliens, are amenable to process only in this suit, having invoked the jurisdiction of the court. It is only in this action, therefore, that the question of title to the collateral pledged with the appellants and the other banks may be determined between all parties claimants.

Our decision is not predicated upon a finding that there is any particular ground of well-recognized equitable relief as such is not necessary (*Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85, 94); but rather upon the ground that from all the peculiar facts and circumstances of the case, equity should grant the relief requested. This, however, will be without prejudice to the right of a jury trial by the plaintiffs or other parties under proper circumstances if they so insist; and also without prejudice to the restrictions placed upon the trustee in bankruptcy by the order of the United States District Court.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted permitting the service by appellants of a pleading in the nature of a bill of interpleader in accordance with this opinion.

Present — MARTIN, MERRELL, O'MALLEY, GLENNON and UNTERMYER, JJ.; MERRELL, J., concurs in result.

Order reversed, with twenty dollars costs and disbursements, and motion granted permitting the service by appellants of a pleading in the nature of a bill of interpleader in accordance with opinion. Settle order on notice.