SVENSKA TAENDSTICKS FABRIK AKTIEBOLAGET et al., Plaintiffs, *v.* BANKERS TRUST COMPANY OF NEW YORK et al., Respondents, and IRVING TRUST COMPANY, as Trustee in Bankruptcy of INTERNATIONAL MATCH CORPORATION, Appellant, Impleaded with Others.

(Argued May 2, 1935; decided May 28, 1935.)

*George K. Hourwich* and *Louis Fabricant* for appellant. The amended bills in the nature of bills of interpleader fail to state a cause of action and are insufficient as a matter of law, since it appears that a prerequisite of such bills, viz., " an independent ground for equitable relief," is not present. (*Dorn* v. *Fox*, 61 N. Y. 264; *Mohawk R. R. Co.* v. *Clute*, 4 Paige, 384; *Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538; *Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85; *McClellan* v. *Carland*, 217 U. S. 268; *Leavitt* v. *Dabney*, 30 N. Y. Super. Ct. 350; *Manning* v. *Manning*, 1 Johns. Ch. 527; *Johnson* v. *Crook*, 12 Ch. Div. 639; *Pouch* v. *Prudential Ins. Co.*, 204 N.Y. 281; *Baumann* v. *Baumann*, 250 N. Y. 382; *Mirizio* v. *Mirizio*, 242 N. Y. 74.) A trustee in bankruptcy may not be

sued without the permission of the bankruptcy court. The pleadings herein exceed the permission granted and the court is, therefore, without jurisdiction. (*Vass* v. *Conron Bros. Co.*, 59 Fed. Rep. [2d] 969; *Barton* v. *Barbour*, 104 U. S. 126; *McClellan* v. *Carland*, 217 U. S. 268.) The pleadings herein would raise issues triable without a jury; since the appellant trustee is entitled to a trial by jury the pleadings fail to state a cause of action. (*Vass* v. *Conron Bros. Co.*, 59 Fed. Rep. [2d] 969; *Schoenthal* v. *Irving Trust Co.*, 287 U. S. 92; *Clark* v. *Mosher*, 107 N. Y. 118; *Strauss & Co.* v. *American Credit Indemnity Co.*, 203 App. Div. 361; *Epstein* v. *Rockville Center Improvement Co.*, 164 App. Div. 177; *Harrison* v. *Loeser & Co.*, 164 App. Div. 115; *Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85.) The situation in which respondents find themselves results from their own actions, and a court of equity should not assist them to escape the consequences of their acts. (*Cromwell* v. *American Loan & Trust Co.*, 57 Hun, 149; *Irving Trust Co.* v. *Marine Midland Bank*, 47 Fed. Rep. [2d] 907; *Sherman Nat. Bank* v. *Shubert Theatrical Co.*, 247 Fed. Rep. 256.)

*Clarence J. Shearn, B. B. Fensterstock* and *George H. Jaffin* for respondents. The fact that the stock, title to which was in dispute, was converted into cash pursuant to appellant's written agreement that the sale was " without prejudice " cannot operate to destroy respondents' right to equitable relief conceded to exist but for the sale. (*Hanna* v. *Stedman*, 230 N. Y. 326; *Sherman Nat. Bank* v. *Shubert · Theatrical Co.*, 247 Fed. Rep. 256.) The facts stated in the amended pleading, which are identical with the facts upon which interpleader was allowed, are sufficient to authorize the maintenance of a bill in the nature of interpleader within the broad equity jurisdiction of the Supreme Court. (*Sherman Nat. Bank* v. *Shubert Theatrical Co.*, 247 Fed. Rep. 256; *Irving Trust Co.* v. *Marine Midland Bank*, 47 Fed. Rep. [2d] 907; *Board of Supervisors* v. *Deyoe*, 77 N. Y. 219;

*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Burns* v. *Lopez*, 256 N. Y. 123; *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.*, 152 U. S. 596; *Schwarz* v. *Harris*, 206 Fed. Rep. 936; *Brown* v. *Pegram*, 149 Fed. Rep. 515; *Harris* v. *De Paulina*, 40 Ohio App. 57; *Foss* v. *First Nat. Bank*, 3 Fed. Rep. 185; *Bissell* v. *Foss*, 114 U. S. 252; *Crosby* v. *Sproul*, 17 Fed. Rep. [2d] 325; 22 Fed. Rep. [2d] 611; *Royal Trust Co.* v. *Gardiner*, 44 App. D. C. 570.) The amended pleading discloses an independent ground for equitable relief in addition to jeopardy of treble recovery and multiplicity of suits. ( *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.*, 152 U. S. 596; *Deering* v. *Schreyer*, 171 N. Y. 451; *Lovett* v. *City of New York*, 128 App. Div. 157.)

HUBBS, J.   The respondents, Bankers Trust Company and The National City Bank, and two other banks owned a note of the International Match Corporation for $4,000,000. In February, 1932, the maker paid on the note $257,250, and executed a new note for the unpaid balance and as collateral security transferred to the banks 350,000 shares of the common stock of the Diamond Match Company. In April, 1932, the International Match Company was adjudged a bankrupt and thereafter the appellant Irving Trust Company was appointed trustee in bankruptcy. It demanded of respondent banks the surrender to it of the collateral stock on the ground that the International was insolvent at the time it pledged the stock with the respondent banks and that such transfer preferred the banks over other creditors. The demand was refused. It then commenced a suit in equity in the United States District Court against the banks to recover such stock. Thereafter, Svenska Taendsticks Fabrik Aktiebolaget, one of the plaintiffs herein, hereinafter referred to as the Swedish Match Company, a Swedish corporation, Aktiebolaget Kreuger & Toll, hereinafter referred to as Kreuger & Toll, also a Swedish

corporation, one of the plaintiffs herein, and Lyberg, Fehr and Browaldh, official court liquidators of Kreuger & Toll, each immune from service of process in this State, commenced this action in the Supreme Court of this State against the banks to recover for conversion of such collateral stock. The defendant Edward S. Greenbaum is trustee in bankruptcy of the estate of Kreuger & Toll, adjudged a bankrupt in the United States District Court for the Southern District of New York.

On June 23d, 1932, the loan evidenced by the note of the International Company having become due, an agreement was entered into, with the approval of the United States District Court, between the respondent banks, the plaintiffs in this action and the Irving Trust Company as trustee in bankruptcy of the International Company. The agreement recites that the 350,000 shares of stock of the Diamond Match Company pledged to the banks were subject to conflicting claims — the claim of the banks as pledgees, the claim of the Irving Trust Company as trustee of the International Company that the pledge was preferential, the claim of the Swedish Match Company that it owned such collateral stock or a part thereof, and the claim of Kreuger & Toll that it owned the stock or a part thereof. The agreement recited, for reasons therein stated, the desire of the parties to convert the stock into money without prejudice to any of the conflicting claims to the stock or its proceeds and thus to preserve the *status quo* regardless of the change in form of the pledged collateral. The pledged stock was sold and the banks acting under the agreement retained the amount due and turned over to the Irving Trust Company as trustee the balance of over $1,000,000 to be held by it " in a separate fund " until the final determination of all rights to the fund, interest to be allowed thereon " at the New York Clearing House rate on demand deposits."

This action by the Swedish Match Company in the Supreme Court is to recover from the respondent banks and certain other defendants $13,000,000 for the alleged conversion of the pledged stock of the Diamond Match Company. The defendant Greenbaum, as trustee in bankruptcy of Kreuger & Toll, also commenced an action in the Supreme Court to recover $13,000,000 from the respondent banks for the conversion of the pledged stock. The action by Greenbaum as trustee was commenced while the interpleader motion here in question was pending.

On July 17, 1933, the referee in bankruptcy made an order, thereafter modified by the United States District Court, granting permission to the respondent banks to apply to the Supreme Court of New York to join the Irving Trust Company as trustee as a party defendant in this action on certain conditions stated in the order as modified. Thereafter, the Appellate Division made an order permitting the respondent banks " to serve a pleading in the nature of a bill of interpleader in accordance with the opinion of this court [Appellate Division, 239 App. Div. 467] rendered December 8, 1933," against the plaintiffs and the Irving Trust Company as trustee. The order contained the restrictions provided in the order of the United States District Court.

Thereafter the action brought by the defendant Greenbaum as trustee was consolidated with this action by order of the Supreme Court and leave was given to respondent banks to serve an amended pleading in the nature of a bill of interpleader in the consolidated action.

Such amended pleadings having been served by the respondent banks, the Irving Trust Company as trustee moved at Special Term to dismiss such amended pleadings in the nature of bills of interpleader upon the ground that the pleadings failed to state facts sufficient to constitute a cause of action against appellant, and from the order of the Special Term denying such motion an appeal was taken by the Irving Trust Company as trustee.

The order of the Special Term was affirmed by the Appellate Division which has certified to this court the question whether such pleadings state facts sufficient to constitute a cause of action against appellant.

The main ground for reversal urged by appellant is that the pleadings in the nature of a bill of interpleader do not disclose an independent ground of equitable jurisdiction in addition to the threat of double jeopardy.

It is conceded by appellant that if respondent banks still retained the pledged stock and claims were being made by the various parties to this action to the stock, such independent ground of equitable jurisdiction would exist. Such is undoubtedly the law. (*Irving Trust Co.* v. *Marine Midland Trust Co.*, 47 Fed. Rep. [2d] 907; *Sherman Nat. Bank* v. *Shubert Theatrical Co.*, 247 Fed. Rep. 256.)

It is urged by respondent banks that the Appellate Division was perfectly justified in writing that " upon the ground that from all the peculiar facts and circumstances of the case equity should grant the relief requested " (239 App. Div. 467, 469), also that a particular ground of equitable relief in addition to the facts set forth is unnecessary. We do not find it necessary to deal with such contention, as we are satisfied that an independent equitable ground of jurisdiction exists under the facts alleged.

In the stipulation referred to the parties state that in their opinion " that it is in their respective interests that such stock be sold at public auction * * * without prejudice to the rights or obligations of any of the parties," except as stated.

The parties reserved the right to sue the banks for the conversion of the pledged stock " or an amount equal thereto," with interest at the New York Clearing House rate on demand deposits. If the stipulation means anything, it clearly constitutes an agreement that the proceeds of the sale of the stock shall stand and remain in

the place and stead of the stock itself, and that the rights of the parties shall be determined exactly the same as though the banks continued to hold the identical shares of stock in their possession.

Under the stipulation, the parties each benefited or believed that they did. A stock which might fluctuate in value was reduced to cash, the banks, in the event that they lost in the action, remaining subject to the liability of paying over the amount retained, not with legal interest, as in case of a conversion, but at the New York Clearing House rate. The appellant Irving Trust Company received as trustee over $1,000,000, the balance over and above the amount retained by the banks as the amount unpaid on the note, with interest and expenses.

Parties cannot accept benefits under a contract fairly made and at the same time question its validity. (*City of Buffalo* v. *Balcom*, 134 N. Y. 532, 535.) The words " without prejudice " to lawyers (and the stipulation was prepared by lawyers) have a well-known, definite meaning. They meant that as between the parties to the stipulation, the sale of the pledged stock and the disposition of the proceeds should not, because of the sale and surrender of the physical possession thereof by the banks, have any legal effect upon the rights of the parties; that such rights and liability should remain the same as though the pledged stock had not been sold, and that the proceeds of the sale should stand in the place of and represent the stock in any subsequent legal proceeding.

It is unbelievable that, in a case where the *res* consists of perishable property or property depreciating in value, the parties cannot by express agreement provide that the property be sold and the proceeds stand in place of the property without depriving a court of equity of jurisdiction. (*Genet* v. *Delaware & Hudson Canal Co.*, 170 N. Y. 278, 282; 69 C. J. p. 1318.)

The appellant has, therefore, barred itself from urging that the respondents' pleadings do not disclose independent equities.

A trustee in bankruptcy cannot be sued without the permission of the bankruptcy court. (*Vass* v. *Conron Bros. Co.*, 59 Fed. Rep. [2d] 969; *Barton* v. *Barbour*, 104 U. S. 126.)

Such permission was duly granted by the referee in bankruptcy and his order was modified and affirmed by the United States District Court. The order as modified in broad terms grants permission to the respondent banks to apply to the Supreme Court to make the appellant Irving Trust Company a party defendant in this action, and, if a party, that pursuant to the order making it a party, title or the right to possession of the pledged stock, as of the date of the pledge allegedly made by the bankrupt to the banks, may be adjudicated as against all parties to the action. The clear meaning of the order was to grant permission to litigate in the State court the title to the pledged stock at the time it was pledged. That necessarily involved an adjudication by the State court as to the ownership of the stock at the time and made necessary the litigation of all questions bearing upon that issue. The order does not contain any limitation or condition to the contrary. All conditions imposed in the order have been complied with by respondents in their pleadings.

Appellant urges that the pleadings raise issues triable without a jury and as the appellant is entitled to a trial by jury the pleadings fail to state a cause of action. The pleadings do, however, expressly state that respondents are acting under and by virtue of the order granting permission to make the appellant a party defendant in this action. By acting under the order they have accepted all of its limitations and conditions and thereby bound themselves to consent to a jury trial of the issues.

If the appellant for any reason should be refused a jury trial it would have a remedy by motion to be relieved from the order.

It is also urged that respondents are in the position which they now occupy, or did occupy when the motion

was made for permission to serve a pleading in the nature of an interpleader, because of their own actions; it is said that they created the condition from which they are now trying to escape and that, therefore, equity should refuse relief. The statement is hardly true. The situation was not created by the banks. They did not induce the plaintiffs to commence this action or the trustee to commence its action. The actions having been commenced, it was apparently to the interest of all parties (and the stipulation so recites) to enter into the stipulation for the sale of the pledged stock and to provide that its proceeds should be retained in place of the stock.

The defendant Greenbaum urges that the pleading on its face shows that the applicants for interpleader deny that the adverse claimants have any interest in the stock, and, therefore, that it fails to state a cause of action. Such contention is based on the theory that there is not in existence a *res* concerning the title to which there are adverse contentions. If we are right in our conclusion that there is such *res* in existence, the contention is without force. " The complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject-matter." (4 Pomeroy's Equity Jurisprudence [4th ed.], § 1481; *Mohawk & Hudson R. R. Co.* v. *Clute,* 4 Paige Ch. 384; *Groves* v. *Sentell,* 153 U. S. 465, 485, 486; *Hayward & Clark* v. *McDonald,* 192 Fed. Rep. 890.)

Furthermore, there is in existence a surplus fund of over $1,000,000 in the possession of the appellant to which respondents make no claim of title.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Order affirmed, etc.