Per Curiam.

The plaintiff, who is a general contractor, brought this action at law to recover from the owner of real property a balance allegedly due under a contract for the alteration of a building. The answer served by the owner denied liability and asserted a legal counterclaim for an alleged overpayment. Pursuant to section 287 of the Civil Practice Act, the defendant owner successfully moved to bring in four *53 subcontractors as additional defendants. The subcontractors had filed mechanics’ liens and claimed that they had not been paid by the general contractor. The added defendants served pleadings setting forth causes of action at law against the general contractor and in some instances against the owner. An additional subcontractor had also sued at law to recover a sum alleged to be due him, and his action was consolidated with the present suit.
The defendant owner then moved to have the action tried before a referee as one involving the examination of a long account, or, in the alternative, to strike it from the jury calendar. The first relief was denied, but the alternative branch of the motion was granted. The plaintiff now appeals from so much of the order of the Special Term as directs that the case be placed on the nonjury calendar of the court as being an action equitable in nature.
We deem that it was improper to strike the cause from the jury calendar. The joinder of defendants and consolidation aforesaid did not convert the action into a suit in equity as in the case of a strict interpleader. All the claims and cross-claims are for legal relief. Though some of the claimants have filed mechanics’ liens, their actions are not brought to foreclose them. Neither is there any fund on deposit in respect to which the title or right of any party is in dispute.
The relief afforded under the second part of section 287 of the Civil Practice Act, permitting the joinder of other claimants at the instance of a defendant who disputes liability in whole or in part, may have some resemblance to that formerly afforded by an action in the nature of interpleader, which was cognizable in equity. From such similarity, however, it does not follow that when strictly legal claims are thus joined in one action by statutory authority, the action is thereafter to be deemed one in equity as would be the case in a situation involving true interpleader. In the latter instance a fund is the subject of the action, and the rights of the various claimants to the fund present the only issues. In such case the court is required to determine the equities between the parties with respect to the disposition of the fund. Here, however, the issues involved are presented in actions at law based on claims for breach of contract. Though several of such actions are to be tried together, we find no controlling authority requiring us to hold that the joinder and consolidation of these legal claims creates an equitable action. Under the circumstances we think that the right of the plaintiff to a trial by jury is pre *54 served (see Swedish Match Co. v. Bankers Trust Co., 239 App. Div. 467, affd. 268 N. Y. 73).
The order so far as appealed from should he reversed, with $20 costs and disbursements, and the motion denied.
Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.
Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.