Maurice Wahl, J.
In this nonpayment eviction proceeding, the parties have stipulated the facts. These are:
1. The parties are the landlord and tenant of premises Apartment No. 1A at No. 7 West 73rd Street, New York City.
2. The original written lease for a term of 2 years expired on the 31st day of December, 1963 and provided for a monthly rent of $110.
3. From the expiration of the lease and up to the 31st day of December, 1968 landlord demanded and tenant paid the monthly rent of $110. No lease was executed.
4. On or about November 25, 1968, landlord served a notice of month-to-month tenancy upon tenant increasing the rent from $110 per month to $160 per month, which increase, however, tenant refused to pay; landlord subsequently stated orally to tenant that she would accept the monthly rental of $155 instead of $160.
5. Tenant paid rent of $155 as of January 1, 1969, to and including April 1, 1969, which rent was paid in each instance by one check in the sum of $110 and a second check for $45 marked “ under protest.”
6. On or about May 1, 1969, tenant tendered a check to the landlord for the rent due and payable May 1, 1969, in the sum of $20, accompanied by a letter in which she apprised the landlord that, in view of the newly enacted Rent Stabilization Act of 1969, she deducted the alleged overcharges of $180 from the rent payable in the said month of May, 1969.
*220 7. Landlord demanded the rent of $155 for May; tenant refused to pay.
8. Notice of petition and petition were properly served herein.
9. Jurisdiction is conceded.
In an unnumbered paragraph the stipulation further provides that: In the event that the landlord prevail in this proceeding, landlord and tenant agree to execute a two-year lease for the same premises at a rental of $155 per month, and landlord agrees to paint said apartment.
The petition alleges that the $155 rental demanded is no greater than the maximum rent prescribed by the rent control law and that the demised premises are decontrolled by reason of an order. An order of decontrol concerning this Apartment 1A was issued on September 18,1968.
Both parties have brought into this proceeding the effect of Local Law No. 16. (Local Laws, 1969, No. 16 of City of New York.) This court has ruled upon this statute in its decision Fifty Cent. Park West Corp. v. Bastien (60 Misc 2d 195).
The court decides that the case at bar is without the ambit of this local law. Local Law No. 16 purports to bring within its coverage buildings, erected after 1947 or wholly decontrolled buildings, not a single apartment as at bar. (See decontrol order affecting Apartment 1A herein.)
The thrust of coverage is towards Class A multiple dwellings, not the units therein contained. As three or more units may constitute a multiple dwelling, it is clear that coverage was exempted where there are less than six units.
The construction required of subdivision b of section YY51-3.0 of the Administrative Code (as added by Local Law No. 16) under the rule of ejusdem generis, is that the “ decontrol ” relates to the Class A multiple dwelling, not the individual units thereof.
The court further decides that a tenant may not be evicted for nonpayment by service of a unilateral notice increasing the rent (Jaroslow v. Lehigh Val. R. R. Co., 23 N Y 2d 991). The question remains whether the acceptance of the increased rent herein during the months of January, February, March and April 1969 spells out an agreement, express or implied, for the payment of $155 per month rent.
Tenant paid such rent by two checks, viz. $110 the original reserved rental and the $45 increase. The latter payment was made “under protest ” (Vide Item 5 of stipulation of agreed facts).
*221 Based upon this “ under protest ” and by reason of Local Law No. 16, tenant made the “ rent adjustment ” during May, 1969 by offset (Vide Item 6 of stipulation of agreed facts).
The main question for this court to decide, therefore, is the effect, if any, of the ‘ ‘ under protest ’ ’ payment.
As neither counsel has briefed the subject, the court has made its own research. As there appears to be a legal difference between ‘ ‘ under protest ’5 and ‘ ‘ without prejudice, ’ ’ it appears appropriate to once again alert the Bar that the improper usage of these terms may have significant effect upon the transaction involved.
The naked assertion of “ under protest ” does not imply or establish that the act performed was under any compulsion. It is merely an assertion that what is being done is contrary to the desire or intent of the protesting party (Matthews v. William Frank Brewing Co., 26 Misc. 46). In Seinberg Press v. Charles Henry Pub. (68 N. Y. S. 2d 793, 795) the court decided that the ‘ ‘ fact that defendant made the increased payments ‘ under protest ’ is immaterial. It has been aptly said that there is no magic in the term ‘ under protest ’. It does not per se establish, compulsion; and it may imply nothing more than that the act done is contrary to the desire of the party making the protest.”
So here the court does not perceive that the rental increase demanded by the landlord constitutes such duress or fraud as make the increased voluntary payment, albeit ‘ ‘ under protest, ’ ’ a viable defense.
On the other hand, had these payments been made ‘ ‘ without prejudice, ’ ’ then a different legal status would have been created. When a dispute arises between parties and they desire to preserve their respective rights and positions, then such reservation is readily accomplished by the performance of the acts between such parties, where such is done ‘ ‘ without prejudice ’ ’ to the existing controversy. Thus no determinative legal effect is completed; it is reserved for future determination. (Svenska Taendsticks Fabrik Aktiebolaget v. Bankers Trust Co., 268 N. Y. 73, 81; Hinton v. Bogart, 79 Misc. 418.)
Hence the legend ‘ ‘ under protest ’ ’ is without legal significance since it does not reserve the right of contesting the validity of the claim thereafter, whereas the expression ‘ ‘ without prejudice ” signifies that all rights are reserved until a binding decision is rendered on the dispute.
The court therefore concludes that no rights were preserved by the tenant herein under the “ under protest” payments. Further, such payments of the increased rent constitute a con *222 tract, express or implied, and the rationale of Jaroslow (supra) has no application here.
Final judgment for the landlord. However, in the view of the unnumbered final paragraph of the stipulation of agreed facts, no warrant shall issue herein, provided that the stipulation is performed within 20 days from date hereof and all rent is paid to date of the new lease.