■ JOHN STUART, a Division of ROBERT ALLEN FABRICS OF N. Y., INC., Respondent, v D & D ASSOCIATES, Appellant.— Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 3, 1989, which granted respondent's motion for a *Yellowstone* injunction, unanimously affirmed, with costs.

The lease between the tenant and defendant landlord permitted an assignment in the event of a sale of all the assets of the tenant's business, provided the business continued as a going concern conducting substantially the same operation. The tenant sold its assets to plaintiff, but defendant, contending that the tenant had assigned less than all of its assets and that the business was not being conducted in substantially the same manner, served a notice to cure. Plaintiff moved for a *Yellowstone* injunction, which was granted.

Supreme Court determined that plaintiff met the necessary criteria for a *Yellowstone* injunction, and we agree. An injunction pursuant to the guidelines of *First Natl. Stores v Yellowstone Shopping Center* (21 NY2d 630) is appropriate to preserve the status quo pending determination of the underlying dispute, without regard to the likelihood of success on the merits, in order to protect a valuable leasehold and prevent the risk of forfeiture *(Post v 120 E. End Ave. Corp.,* 62 NY2d 19). A tenant is entitled to a *Yellowstone* injunction where it has demonstrated that (1) it holds a commercial lease, (2) it has received a notice of default, notice to cure or concrete threat of termination of the lease from the landlord, (3) the application for a temporary restraining order was made and granted prior to the termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises *(Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390, 394). Those criteria have been met. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.