■ GOLUB CORPORATION, Appellant, v NORTHEASTERN INDUSTRIAL PARK, INC., Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 14, 1992 in Albany County, which denied plaintiff's motion for a preliminary injunction.

In January 1970, defendant entered into a lease for warehouse property with J. J. Newberry Company (hereinafter Newberry). A renewal option in the lease was apparently exercised at one point by Newberry. Therefore, the lease was not to expire until April 1995. In August 1981, Newberry sublet the premises to plaintiff.[1] Pursuant to the sublease, plaintiff continued to occupy the premises from 1981 until the present with defendant's knowledge. Apparently, the sublease agreement required plaintiff to pay rent for the premises to Newberry and Newberry, in turn, paid defendant. This agreement worked fine until it came time for the February 1992 rent to be paid. Plaintiff paid the February 1992 rent to Newberry as usual. Newberry, however, did not pay over that rent to defendant. Defendant served Newberry with a notice of default demanding possession of the premises unless the default was cured within 20 days. Newberry and plaintiff subsequently entered into a "Lease Assignment and Assumption Agreement", which resulted in Newberry assigning its interest in the primary lease to plaintiff.[2] Plaintiff then presented defendant with a check for the February 1992 rent,

---

1. Notably, the lease between defendant and Newberry did not require defendant's permission for Newberry to sublet; however, the lease did contain a provision requiring defendant's consent for an assignment. The lease also stated, however, that such consent shall not be unreasonably withheld.

2. Newberry subsequently filed for bankruptcy and is not a party to this action.

which defendant ultimately accepted. However, defendant never expressly consented to the assignment despite plaintiff's requests, and defendant refused to accept any further rent checks from plaintiff.

Plaintiff commenced this action seeking a declaratory judgment that defendant unreasonably withheld its consent to the assignment of the lease by Newberry in violation of its covenant in the primary lease. Plaintiff moved, by order to show cause, for a preliminary injunction pursuant to *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630) enjoining defendant from evicting plaintiff during the pendency of this action. Supreme Court denied the motion and plaintiff appeals.[3]

We reverse. In our view, Supreme Court erred in not granting a *Yellowstone* injunction to plaintiff. It must be remembered that the purpose of a *Yellowstone* injunction is to preserve the status quo after a notice to cure has been served by the landlord while a declaratory judgment action is brought to determine the parties' rights under the lease *(First Natl. Stores v Yellowstone Shopping Ctr., supra,* at 637-638; *Garland v Titan W. Assocs.,* 147 AD2d 304, 307). Significantly, in granting *Yellowstone* injunctions, courts have generally required far less than the showing normally expected for the grant of preliminary injunctive relief *(see, Garland v Titan W. Assocs., supra).* In fact, the mere threat of termination and forfeiture of a lease has been held sufficient to justify a *Yellowstone* injunction *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 26).

In this case, Supreme Court denied plaintiff's motion as a matter of law because plaintiff, as an assignee, allegedly lacked standing to invoke the covenant against unreasonable refusal contained in the lease between defendant and Newberry. In making this determination, Supreme Court impliedly ruled that the assignment between Newberry and plaintiff was invalid, thereby reaching the merits of plaintiff's claim. We find Supreme Court's action to be unwarranted and premature. In pursuing its action, plaintiff has essentially made two arguments before the court: (1) that defendant's refusal of consent to the assignment of the lease was unreasonable and plaintiff has standing to pursue this claim in Newberry's stead by virtue of the Lease Assignment and Assumption Agreement, and (2) that defendant waived any right to object to the

---

**3.** We note that this Court granted a motion for an injunction during the pendency of this appeal.

assignment by accepting the February 1992 rent directly from plaintiff, instead of from Newberry.[4] Significantly, the facially valid Lease Assignment and Assumption Agreement between plaintiff and Newberry is contained in the record on appeal. This assignment, on its face, read in conjunction with the pleadings and General Obligations Law § 13-105, gives plaintiff the initial standing necessary to pursue its claims. The parties' arguments with respect to the validity of the assignment must await trial for an appropriate determination. Since the minimal prima facie requirements for a *Yellowstone* injunction have been met on this record, plaintiff is hereby granted the requested relief.

Yesawich Jr., J. P., Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.

---

4. We note parenthetically that plaintiff's complaint was apparently drawn up prior to the time defendant accepted the February 1992 rent. Because it is apparent that no prejudice to defendant will accrue by doing so, we hereby grant plaintiff leave, *sua sponte,* to amend its complaint to include the waiver claim *(see,* CPLR 3025 [b]).