■ SALVATORE R. BELTRONE et al., Appellants, v ROBERT K. DANKER et al., Respondents. [643 NYS2d 720] —White, J.

The facts in this case are not in dispute. It appears that the parties' predecessors in interest entered into an agreement in September 1960 whereby the premises in question were leased for an initial term of 20 years with two separate options to renew for 15 years each. The lease was properly renewed after the initial 20-year term and the first renewal term was scheduled to expire on September 7, 1995. Although the lease provided for notice in writing of the exercise of the option at least one year prior to the expiration of the first renewal of the lease, i.e., before September 7, 1994, plaintiffs failed to notify defendants of their intent to renew until November 7, 1994. After defendants rejected plaintiffs' proffered notice, plaintiffs commenced this action seeking, *inter alia*, a declaration that they be relieved from the timely notice provision in their lease. In conjunction therewith, they moved for a preliminary injunction pursuant to CPLR 6301, as well as a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630). Supreme Court denied the motion and plaintiffs appeal.

It is undisputed that plaintiffs did not exercise the option to renew in a timely manner and normally this failure will forfeit the tenant's right to renew (*see, Niagara Frontier Servs. v Thress*, 109 AD2d 1089). However, equity will intervene to relieve a tenant of the consequences of an untimely notice of an option to renew where said failure resulted from an honest mistake or inadvertence, the nonrenewal would result in a substantial forfeiture by the tenant and the landlord would not be prejudiced (*see, J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399-400; *Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d 435, 437, *lv denied* 78 NY2d 858).

In the instant case, although the land encompassed by the

lease was originally vacant, the tenant ultimately improved it with a "Jiffy Lube" automobile service center and defendants do not dispute plaintiffs' assertions that substantial improvements were made to the premises and a considerable forfeiture would result if plaintiffs are not permitted to renew. Further, and of greater significance, is the fact that defendants have made no showing that they have a prospective tenant or that they were otherwise prejudiced as a result of plaintiffs' two-month delay in giving notice (*compare, Dan's Supreme Supermarkets v Redmont Realty Co.*, 216 AD2d 512). There is also nothing in the record to contradict plaintiffs' assertions that the failure to timely notify defendants was a result of inadvertence and confusion which existed following the death of plaintiffs' business manager. Therefore, we find that plaintiffs have established a likelihood of ultimate success on the merits which justifies the granting of a preliminary injunction (*see, Dutchess Radiology Assocs. v Narotzky*, 192 AD2d 1049, 1050). Accordingly, we do not deem it necessary to consider plaintiffs' alternative contention that they met the requirements for a *Yellowstone* injunction (*see, Golub Corp. v Northeastern Indus. Park*, 188 AD2d 729).

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and plaintiffs' motion for a preliminary injunction granted.