**In re T.R. ACQUISITION CORP., f/k/a T. Roma Acquisition Corp., d/b/a Texas Grill, formerly d/b/a/ Tony Roma's, a place for Ribs, Debtor.**

**T.R. ACQUISITION CORP., as Debtor and Debtor–in–Possession, Plaintiff,**

**v.**

**MARX REALTY & IMPROVEMENT CO., INC., and The Horn & Hardard Realty Company, Inc., Defendants.**

Bankruptcy No. 95–B–41322.
Adversary No. 95/1273A.

United States District Court,
S.D. New York.

May 19, 1997.

A. Peter Lubitz, Kirk Brett, Donovan Leisure Newton & Irvine, Howard Karasik, Sherman Citron & Karasik, P.C., New York City, for T.R. Acquisition Corp.

Edward J. Schwarz, New York City, for Marx Realty & Improvement Co., Inc.

## OPINION AND ORDER

KOELTL, District Judge:

The debtor, T.R. Acquisition Corp., f/k/a T. Roma Acquisition Corp., d/b/a Texas Grill, formerly d/b/a Tony Roma's Place for Ribs, ("T.R. Acquisition"), moves this Court, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, for a stay, pending appeal, from the Judgment entered by the

bankruptcy court in the adversarial proceeding it brought against Marx Realty & Improvement Co., Inc. ("Marx"), the owner of the premises at issue in the adversarial proceeding, and The Horn & Hardard Realty Company, Inc. ("H & H"), which sublet the premises to T.R. Acquisition.

The bankruptcy court granted Marx's motion for summary judgment against T.R. Acquisition, declaring T.R. Acquisition a holdover tenant and granting Marx immediate possession of its real property. (April 10, 1997 Order, attached as Exhibit A to the Memorandum of Law in Support of Plaintiff's Emergency Motion for a Stay Pending Appeal ("Order"), at ¶¶ 11,15). The bankruptcy court also denied T.R. Acquisition's cross-motion for summary judgment. (Id. at ¶ 13). On May 1, 1997, this Court granted a stay of the bankruptcy court's Judgment until the May 16, 1997 hearing on the merits of the application for the stay pending appeal. At the May 16, 1997 hearing, this Court extended the stay until the issuance of this Opinion and Order.

Rule 8005 of the Federal Rules of Bankruptcy Procedure provides that a motion for a stay of a Bankruptcy Court order may be made to the District Court pending appeal of the order. *See In re 1567 Broadway Ownership Associates,* 202 B.R. 549, 552 (S.D.N.Y.1996). The debtor seeking the stay must show "(1) the strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by others if the stay is granted; and (4) what the harm to the public interest, if implicated, is." *In re Crosswinds Associates,* 1996 WL 350695 *1 (S.D.N.Y. June 25, 1996) (citing *In re Advanced Mining Systems, Inc.,* 173 B.R. 467, 468 (S.D.N.Y.1994)); *see also 1567 Broadway Ownership Associates,* 202 B.R. at 552–53.

T.R. Acquisition argues that it is likely to succeed on the merits of its appeal because the bankruptcy court, in granting Marx's motion for summary judgment, misapplied *J.N.A. Realty Corp. v. Cross Bay Chelsea, Inc.,* 42 N.Y.2d 392, 397 N.Y.S.2d 958, 366 N.E.2d 1313 (1977). In *J.N.A. Realty Corp.,* the New York Court of Appeals held that

under certain circumstances a court, in its equitable discretion, may intervene to relieve a tenant of the consequences of its failure, in a timely fashion, to exercise its option to renew its lease. A court may exercise its discretion if 1) the failure resulted from an honest mistake or inadvertence; 2) prohibiting the tenant from exercising that option would result in a substantial forfeiture by the tenant; and 3) the landlord would not be prejudiced by excusing the tenant's failure. *J.N.A. Realty Corp.,* 42 N.Y.2d at 399–400, 397 N.Y.S.2d at 960–63, 366 N.E.2d 1313; *see also Beltrone v. Danker,* 228 A.D.2d 763, 643 N.Y.S.2d 720, 720 (3rd Dep't 1996).

T.R. Acquisition asserts that it notified H & H that it wanted to exercise its option to have H & H renew the Master Lease with Marx, but H & H improperly failed to exercise this option on T.R. Acquisition's behalf. Under these facts, according to T.R. Acquisition, the failure to renew the lease should be excused because it was not due to any fault on its part. T.R. Acquisition argues that because the bankruptcy court should have excused the failure to renew the lease, based on the equitable considerations identified in *J.N.A. Realty Corp.,* it is likely to succeed on an appeal of the bankruptcy court's ruling.

In response, Marx argues that the bankruptcy court correctly granted summary judgment, even if the failure to file a timely notice of renewal should be excused, because T.R. Acquisition was not entitled to compel H & H to renew the Master Lease or to renew that lease itself. Sections 30(a) and 30(b) of the Sublease executed between H & H and T.R. Acquisition conditions T.R. Acquisition's right to have H & H renew the Master Lease, or to renew that lease itself, on its not being in default of any of the provisions of the Sublease. (See Sublease, attached as Exhibit B to Joint Exhibits, at ¶¶ 30(a)-(b)).

Section 15(xi) of the Sublease provides that T.R. Acquisition would be in default of the Sublease if it violated any of the license agreements under which it operated Tony Roma restaurant franchises, whether such a default occurred at the premises at issue in the adversarial proceeding, or at any of the other restaurants leased by T.R. Acquisition from H & H. (See id. at ¶ 15(xi)). T.R.

Acquisition was in default of Section 15(xi) of the Sublease at the time it sought to renew the Master Lease because United States District Judge Morris Lasker terminated all five of T.R. Acquisitions's Tony Roma franchises and permanently enjoined T.R. Acquisition from further use of Tony Roma's trademarks. (See December 16, 1993 Judgment, attached at Exhibit C to Joint Exhibits). Such a termination left T.R. Acquisition in violation of the franchise agreement and therefore rendered it also in default of the Sublease.

Moreover, Section 15(x) of the Sublease states that T.R. Acquisition would be in default of the Sublease if it was in default of any of the agreements under which T.R. Acquisition had leased other premises from H & H. (See Sublease, attached as Exhibit B to Joint Exhibits, at ¶ 15(x)). T.R. Acquisition was in default of this provision at the time it sought to renew its lease because Civil Court Judge Eileen Bransten terminated T.R. Acquisition's sublease with H & H at another property based on her finding that T.R. Acquisition was in default of that lease because it had lost the ability to operate a Tony Roma's franchise at that location. (See March 23, 1995 Decision/Order, attached as Exhibit G to Joint Exhibits, at 5).

It was on the basis of these defaults of the Sublease that the bankruptcy court granted Marx summary judgment. The bankruptcy court found that T.R. Acquisition was in default of its Sublease and therefore, pursuant to Section 30 of the Sublease, H & H was released, by virtue of these defaults, from any obligation to renew the Master Lease with Marx on T.R. Acquisition's behalf. (Order at ¶¶ 2-4).

Thus, the bankruptcy court did not misapply *J.N.A. Realty Corp.* in granting Marx summary judgment. As stated above, *J.N.A. Realty Corp.* only provides that courts may excuse a default based on the failure to file a timely notice of renewal. It does not excuse T.R. Acquisition's substantive defaults of the Sublease, defaults which in turn rendered it ineligible to have H & H renew the Master Lease or renew that lease for itself. It was not that T.R. Acquisition failed to exercise a

right in a timely fashion, it had no right to exercise.

T.R. Acquisition has failed to demonstrate a likelihood of success on the merits of its appeal. This failure alone requires that this Court deny T.R. Acquisition's motion for a stay pending appeal. *See 1567 Broadway Ownership Associates,* 202 B.R. at 553; *Crosswinds,* 1996 WL 350695 *1. However, T.R. Acquisition has also failed to show that no substantial harm will be suffered by others if the stay is granted or that a stay is in the public interest. Marx will be harmed by the stay because it will be delayed in consummating, and may ultimately lose, a more profitable lease agreement with another restaurant proprietor for which it already has a contract. (February 21, 1997 Affidavit of Leonard Marx, Sr. at ¶¶ 3-6). Moreover, the debtor has not shown that it cannot reopen in another location or that the public interest would be served by requiring this landlord to keep this holdover tenant and thereby lose another tenant.

The motion for a stay pending appeal is denied. Enforcement of the bankruptcy court's judgment shall be stayed until June 3, 1997 to allow T.R. Acquisition sufficient time to apply to the Court of Appeals and to make necessary arrangements to vacate the premises.

**SO ORDERED.**