■ 200 EIGHTH AVENUE RESTAURANT CORP. et al., Appellants, and PISELLO, INC., et al., Respondents, v DAYTONA HOLDING CORP., Respondent. [740 NYS2d 330] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 16, 2001, which, in this action seeking a declaration as to the propriety of defendant landlord's refusal to consent to an assignment of the subject lease by plaintiffs-respondents to plaintiff-appellant 200 Eighth Avenue Restaurant Corp., granted defendant landlord's motion for summary judgment, declaring in its favor with related relief, unanimously affirmed, with costs.

The declaration in defendant's favor was proper. Plaintiff-appellant Restaurant Corp., as a proposed assignee of the lease between defendant landlord and plaintiffs-respondents, was not in contractual privity with defendant, and thus was without recourse under the lease for defendant landlord's alleged wrongful withholding of consent to the proposed assignment. In any event, defendant's refusal to consent to the assignment was reasonable and therefore in accordance with the lease, since the proposed assignee did not timely tender adequate financial background information to enable defendant to ascertain whether it would be a financially responsible tenant (*see, Astoria Bedding v Northside Partnership*, 239 AD2d 775, 776). Moreover, the financial information ultimately submitted by the proposed assignee, following defendant's rejection of the proposed assignment, demonstrated that the proposed assignee was not financially capable of assuming the obligations of the lease. Contrary to plaintiff-appellant's argument, there is no evidence that defendant waived its right to refuse to consent to the assignment on the ground of the proposed assignee's fail-

ure to demonstrate its financial responsibility. Indeed, all rent paid by plaintiff-appellant pending defendant's consideration of the assignment was accepted explicitly without prejudice to the assertion of defendant's prerogative, unwaivable under the lease, reasonably to withhold consent to an assignment (*see, Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442). Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.