■ PURDUE PHARMA, LP, Appellant, v ARDSLEY PARTNERS, LP, Respondent. [774 NYS2d 540]—

In an action for a declaratory judgment and injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated October 29, 2002, as denied its motion for a *Yellowstone* injunction and as granted that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for a *Yellowstone* injunction is granted, the cross motion to dismiss the complaint is denied, and the complaint is reinstated.

The defendant landlord served a notice to cure on the plaintiff tenant alleging that it failed to pay certain utility charges pursuant to the parties' lease. The plaintiff commenced this action, inter alia, for a judgment declaring that it was not in default of the lease because it did not owe the amounts claimed by the defendant. The Supreme Court denied the plaintiff's motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]), and granted the defendant's cross motion to dismiss the complaint on the ground that the action was capable of resolution in landlord-tenant court. We reverse.

It is well settled that "[t]he purpose of a *Yellowstone* injunction is to enable a tenant confronted by a notice of default, a notice to cure, or a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold" (*Top-All Varieties v Raj Dev. Co.,* 151 AD2d 470, 471 [1989]; *see Post v 120 E. End Ave. Corp.,* 62 NY2d 19 [1984]; *First Natl. Stores v Yellowstone Shopping Ctr., supra; Golub Corp. v Northeastern Indus. Park,* 188 AD2d 729 [1992]). A tenant seeking *Yellowstone* relief must demonstrate: "(1) it holds a commercial lease; (2) it has received from the landlord a notice of default, a notice to cure, or a threat of termination of the lease; (3) the application for a temporary restraining order was made prior to the termination of the lease; and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises" (*Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591, 593 [1996]; *see Empire State Bldg. Assoc. v Trump Empire State Partners,* 245 AD2d 225 [1997]; *Stuart v D & D Assoc.,* 160 AD2d 547 [1990]).

In this case, the plaintiff satisfied all of the aforementioned criteria in support of its application for a *Yellowstone* injunction. Contrary to the determination of the Supreme Court, the defendant did not serve a mere notice of nonpayment (*cf. M.B.S. Love Unlimited v Jaclyn Realty Assoc.,* 215 AD2d 537 [1995]; *Top-All Varieties v Raj Dev. Co., supra*). Rather, it served a notice to cure an alleged default which threatened termination of the lease (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508 [1999]; *King Party Ctr. of Pitkin Ave. v Minco Realty,* 286 AD2d 373 [2001]; *Kuo Po Trading Co. v Tsung Tsin Assn.,* 273 AD2d 111 [2000]; *Bennigan's of N.Y. v Great Neck Plaza,* 223 AD2d 615 [1996]; *Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating,* 205 AD2d 421 [1994]). Under such circumstances, *Yellowstone* injunctions are

routinely granted in order to maintain the status quo and prevent forfeiture of the lease while the parties litigate their dispute (see *Post v 120 E. End Ave. Corp., supra* at 25; *Garland v Titan W. Assoc.*, 147 AD2d 304, 307-308 [1989]).

This action is amenable to declaratory relief (see e.g. *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., supra; Kuo Po Trading Co. v Tsung Tsin Assn., supra; Bennigan's of N.Y. v Great Neck Plaza, supra; Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating, supra*). The plaintiff disputed that it owed certain utility charges and that it was in default for not paying them. The plaintiff seeks to clarify its rights and obligations under the lease while a *Yellowstone* injunction maintains the status quo between the parties (see *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., supra; King Party Ctr. of Pitkin Ave. v Minco Realty, supra*).

Contrary to the defendant's contention, the appeal has not been rendered academic by virtue of the plaintiff's payment of the disputed utility charges, as the plaintiff paid them "without prejudice" to its rights and remedies under the lease (see e.g. *Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516 [1976]; *Svenska Taendsticks Fabrik Aktiebolaget v Bankers Trust Co.*, 268 NY 73 [1935]; *200 Eighth Ave. Rest. Corp. v Daytona Holding Corp.*, 293 AD2d 353 [2002]; *Castano v Gabriel*, 60 Misc 2d 218 [1969]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.