Robert Marson Testamentary Trust v 4 W. 16 St. Corp. (2024 NY Slip Op 06281)

Robert Marson Testamentary Trust v 4 W. 16 St. Corp.

2024 NY Slip Op 06281

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 652942/22 Appeal No. 3051 Case No. 2023-03342 

[*1]Robert Marson Testamentary Trust, Plaintiff-Respondent,
v
4 W. 16 Street Corp., Defendant-Appellant.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew N. Tobias of counsel), for appellant.
Goldberg Weprin Finkel Goldstein, LLP, New York (Matthew Hearle of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J), entered on or about May 26, 2023, which granted plaintiff tenant's motion for a Yellowstone injunction, tolled the notice of termination of tenant's lease pending further order of the court, and preliminarily enjoined landlord from taking action to terminate, or otherwise interfere with, tenant's leasehold interest in the premises based upon the operative notice of default or notice of termination, unanimously reversed, on the law, without costs, and the Yellowstone injunction vacated.
The tenant is not entitled to a Yellowstone injunction as its failure to maintain insurance coverage as required by the lease is an incurable defect for purposes of a Yellowstone application and it has not made any commitment to obtain retroactive insurance coverage (see Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 401-402 [1st Dept 2019]). The tenant's claim that the landlord has waived its right to declare a default based on the tenant's failure to provide insurance coverage does not provide an independent basis for granting Yellowstone relief. To determine whether a tenant is entitled to a Yellowstone injunction, a reviewing court is limited to ascertaining whether the tenant has satisfied the four elements necessary to obtain the injunction (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]; Linmont Realty, Inc. v Vitocarl, Inc., 147 AD2d 618, 620 [2d Dept 1989]). Issues of fact are not properly resolved on a motion for a Yellowstone injunction and the court should not look to the merits of the underlying claims (see JDM Wash. St. LLC v 90 Wash. St. LLC, 200 AD3d 612, 613 [1st Dept 2021]; Stuart v D & D Assoc., 160 AD2d 547 [1st Dept 1990]).
In the present case, the tenant has not satisfied the fourth element necessary to obtain a Yellowstone injunction, which is whether it is "prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (see Graubard Mollen Horowitz Pomeranz & Shapiro, 93 NY2d at 514). The issue of waiver does not implicate the tenant's ability to cure its default because its failure to maintain insurance coverage as required by the lease is an incurable defect (see Kyung Sik Kim v Idylwood, N.Y., LLC, 66 AD3d 528, 529 [1st Dept 2009]). Therefore, there is no basis for granting a Yellowstone injunction in this case.
Based on our determination that tenant is not entitled to a Yellowstone injunction, we need not reach the issue of whether the injunction was requested after the expiration of the cure period.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024