(68 App. Div. 116.)

JONES et al. v. REILLY et al.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. EJECTMENT—LANDLORD AND TENANT—PLEADINGS—ISSUES.

    Where plaintiff's evidence in ejectment to which the defense of adverse possession is interposed, tends to show that the possession was as lessee of plaintiff or his predecessors, while the only evidence introduced by defendant tends to show adverse possession, the only question in issue is whether the relation of landlord and tenant existed while defendant and his predecessors were in possession.

2. SAME—JURISDICTION OF SUPREME COURT.

    Proceedings in the New York municipal court, instituted by plaintiff under Code Civ. Proc. § 2231, subd. 2, authorizing summary proceedings

to dispossess a tenant for nonpayment of rent, were discontinued on the filing of an answer alleging the defense of adverse possession, and setting up title to the premises. Defendant also filed a bond, as required by section 2952, conditioned to give a written admission of service if the plaintiff would within 20 days commence a new action on the same cause in a court having jurisdiction, and plaintiff sued in the supreme court within such time, the complaint containing allegations appropriate in ejectment. *Held*, that the proceeding in the supreme court was an action of ejectment, of which the court had jurisdiction under Code Civ. Proc. §§ 1638–1650, and not a summary proceeding for the removal of the tenant, of which the supreme court has no jurisdiction.

**8. SAME—ESTOPPEL.**

The defendant, having raised the question of title in the municipal court, cannot after trial of such issue deny the right of the supreme court to have determined such question.

Appeal from special term, New York county.

Action by John M. Jones and others, as executors of the estate of Morgan Jones, deceased, against Margaret T. Reilly and others. From a judgment in favor of the plaintiffs, and from an order denying a new trial, the defendants Hannah R. Rockwell and George H. Brook appeal. Affirmed.

See 65 N. Y. Supp. 205; 61 N. Y. Supp. 67.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Clarence L. Barber, for appellants.

Richard T. Green, for respondents.

McLAUGHLIN, J. The plaintiffs in this action instituted under subdivision 2 of section 2231 of the Code of Civil Procedure a proceeding in the municipal court of the city of New York to dispossess the defendants for the nonpayment of rent. One Henderson, a defendant in that proceeding, interposed an answer, in which he alleged that the defendant Hannah R. Rockwell was the owner in fee and entitled to the possession of the premises in question, and that the trial of the action would necessarily involve a determination of the title. In connection with the answer he offered the bond specified in section 2952 of the Code, and claimed that the court had no jurisdiction to pass upon the questions raised by the petition and answer, and upon his motion the proceeding was discontinued. Subsequently the plaintiffs, within the time specified in section 2952 of the Code, deposited with the clerk of the municipal court the summons and complaint in this action. The complaint contained allegations to the effect that the plaintiffs' predecessor in title had been the owner in fee of the premises, and as such had leased the same to Henderson, who had neglected to pay the rent stipulated, and was then indebted by reason thereof in a sum specified; that three days' notice to quit had been served; that Henderson had died intermediate the commencement of the proceeding in the municipal court and the deposit with the clerk of the summons and complaint, and for that reason his representatives had been made defendants. The relief demanded was that the defendants be removed from the premises in question and possession thereof be awarded to the plaintiffs. The defendants Rockwell

and Brook interposed answers,—the former denying the material allegations of the complaint, and alleging title in herself and those under whom she claimed by adverse possession; and the latter alleging title in Rockwell, and that she had executed to him a mortgage upon the premises, which was then a valid and subsisting lien. He also denied that the plaintiffs had any title. Upon the issue thus formed the parties went to trial. The proof offered on the part of the plaintiffs was to the effect that the defendants' possession was under a written lease given by the plaintiffs' predecessor to Henderson, the defendants' predecessor, while on the part of the defendants the proof offered was directed solely to the question of establishing adverse possession in Rockwell or those under whom she claimed. This was the situation at the close of the trial, and the only question presented, therefore, was, as the trial court properly held, whether the relation of landlord and tenant existed between the parties during the time the defendants and those under whom they claimed had been in possession. The determination of that question necessarily settled the issues raised by the pleadings, because, if that relation did exist, then the claim. made by the defendants was disposed of. This question was submitted to the jury with appropriate instructions as to the law bearing upon the same. The jury found in favor of the plaintiffs, and from the judgment thereafter entered the defendants Rockwell and Brook have appealed.

We are of the opinion that the judgment should be affirmed. The action can properly be treated as an action in ejectment. But it is suggested by the appellants that the supreme court had no jurisdiction; that the action must be treated as a summary proceeding to remove a tenant for nonpayment of rent. The supreme court has no jurisdiction in summary proceedings. Such proceedings exist solely by virtue of the statute, and jurisdiction thereof has not been conferred upon the supreme court. Code Civ. Proc. § 2234. But this action was not a summary proceeding. It was an action in ejectment, and was properly treated as such. The complaint contains appropriate allegations for the determination of the questions involved in such an action. Title and the right to possession in the plaintiffs was alleged. This was denied, and the supreme court had jurisdiction to pass upon those questions. Sections 1638–1650, Code Civ. Proc. It did pass upon them, at appellants' request, and it does not lie with them now to say that the court ought not to have done so. Wilgus v. Wilkinson, 50 App. Div. 1, 63 N. Y. Supp. 517. Upon the merits the judgment is right, and should be affirmed.

Judgment and order affirmed, with costs. All concur.