LEO J. JANKS, Landlord, *v.* CHARLES BRAVEMAN, Tenant.

Supreme Court, Special Term, Onondaga County, January 23, 1947.

*David B. Sugarman* for tenant.

*Marvin, Hand, Searl, Bush & Crannage* for landlord.

MALPASS, J.   This is a motion for an order removing a summary proceeding to recover possession of real property from the Municipal Court of the City of Syracuse to the Supreme Court.   The landlord-petitioner on January 2, 1947, instituted a summary proceeding in the Municipal Court of the City of Syracuse to recover possession of real property located at the corner of Lodi and Court Streets in the city of Syracuse upon the ground that the tenant-respondent occupied said premises as a tenant and that he, the tenant-respondent, was in arrears in the payment of rent in the amount of $3,333.38.   The prayer of the petitioner sought not only the removal of the tenant-respondent from the premises but also a money judgment of $3,333.38, the amount of rent unpaid.   The tenant-respondent interposed an answer admitting the ownership of the premises in the landlord-petitioner and denied certain allegations of the petition including the allegation of the arrearage in the payment of rent.   The answer also contained several separate and distinct defenses which were set up as counterclaims in the aggregate amount of $71,193.77.

This motion is based upon two grounds: First, that the judgment sought by the landlord-petitioner in the amount of $3,333.38 is in excess of the jurisdictional limit of the Municipal Court of the City of Syracuse, which is fixed by the act creating said court at $3,000, and, second, that the counterclaim interposed by the tenant-respondent is far in excess of the jurisdictional limit of $3,000.

It is conceded that section 7 of the Syracuse Municipal Court Code (L. 1937, ch. 742, as amd.) gives to this court jurisdiction of summary proceedings to recover possession of real property as authorized by the Civil Practice Act and it is also conceded that subdivision 1 of the same section gives to said court jurisdiction of actions in which the amount claimed does not exceed $3,000 exclusive of costs.   The question is presented upon this motion as to whether or not this jurisdictional limitation of $3,000 is an obstacle to recovery of a judgment in excess of that amount for unpaid rent of the real property which is the subject of the summary proceedings.   On this point the law seems to be well established that in summary proceedings such as these, judgment for the rent due may be granted in any amount even though it is in excess of the jurisdictional limitations placed upon the inferior court as to the amount claimed in an action. (*Matter of Byrne* v. *Padden,* 248 N. Y. 243.)

The second ground for granting the order, namely, that the counterclaim is in excess of the jurisdictional limitation of $3,000 and that tenant cannot be given adequate relief on his counterclaim, is not well taken. There can be no question but that the tenant in this proceeding is entitled to interpose a counterclaim for damages arising from the failure of the landlord to perform his obligations under the lease. (*Janks* v. *Central City Roofing Co.*, 271 App. Div. 545.) In *Matter of Byrne* v. *Padden* (*supra*) in discussing the power of an inferior court to adjudicate on a counterclaim, the court, at page 247, says: " In short an inferior court, having once obtained jurisdiction may dispose of the entire dispute between the parties unless prohibited by Constitution or statute." There is no limitation contained in the Constitution which prohibits the power of the Syracuse Municipal Court from fully adjudicating all of the issues in this proceeding. (*Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1; *Matter of Atlas*, 217 App. Div. 38.)

Section 86 of the Syracuse Municipal Court Code provides that a judgment may be rendered in favor of a defendant on a counterclaim for any sum without limitation as to the amount and it follows, therefore, that the Municipal Court of the City of Syracuse has complete jurisdiction to adjudicate all of the questions necessary to be adjudicated in the disposition of these proceedings including the counterclaim interposed by the tenant.

Summary proceedings to recover the possession of real property by a landlord because of the failure of the tenant to pay rent are special statutory proceedings and jurisdiction of these proceedings is given to those courts mentioned in section 1413 of the Civil Practice Act and, although an action in ejectment for the same relief might be brought in the Supreme Court, it is doubtful whether or not the Supreme Court in the first instance would have jurisdiction of a summary proceeding under the sections of the Civil Practice Act. In the case of *Jones* v. *Reilly* (68 App. Div. 116) the court, at page 118, said: " The Supreme Court has no jurisdiction in summary proceedings. Such proceedings exist solely by virtue of the statute, and jurisdiction thereof has not been conferred upon the Supreme Court." This case was reversed on other grounds in 174 New York 97.

The concluding sentence of section 86 of the Syracuse Municipal Court Code provides that if in any action in said court, a counterclaim for more than $3,000 shall be interposed, the Supreme Court, on the application of either party, may remove

the cause to the Supreme Court. It would seem that the power of removal rests in the discretion of the court. The reasons set forth in the papers upon which this motion is based contain nothing which would justify the removal of this proceeding to the Supreme Court. Even assuming, without deciding, that the Supreme Court would have jurisdiction of these proceedings on an order removing the proceedings under section 86 of the Syracuse Municipal Court Code, it would be improper to order the removal unless sufficient grounds were brought to the attention of the court to justify the exercise of the court's discretionary powers. No sufficient grounds have been brought to my attention. The motion of the tenant-respondent is denied, with $10 costs.