Nathaniel T. Herman, J.
This is a motion to dismiss a summary proceeding instituted Tby the landlord for nonpayment of rent and for an alleged violation of one of the terms of the lease. Tenant challenges the jurisdiction of the Supreme Court upon the ground that by the provisions of section 701 of the Real Property Actions and Proceedings Law summary proceedings to remove a tenant have been jurisdietionally limited to a “ county court, the court of a police justice of a village, a justice court, a court of civil jurisdiction in a city, or the district court of Nassau county ” (L. 1962, ch. 695).
The broad jurisdiction of the Supreme Court is founded on constitutional provisions which are comprehensive and all-embracing.
Section 7 of article VI of the State Constitution provides for a general jurisdiction in law and equity for the Supreme Court. 11 Its jurisdiction can be limited neither by the Legislature nor by any power conferred by it on the court itself ” (People ex rel. Mayor of City of N. Y. v. Nichols, 79 N. Y. 582, 590). Nor will the grant of jurisdiction to other tribunals divest the Supreme Court of its unlimited jurisdiction (Barone v. Ætna Life Ins. [Co., 260 N. Y. 410; Alexander v. Bennett, 60 N. Y. 204).
While Jones v. Reilly (68 App. Div. 116) and Janks v. Braveman (188 Misc. 373) appear to have expressed a contrary view, the decision of the Appellate Division in affirmance of Wenglin v. Raven Elec. Co. (82 N. Y. S. 287, affd. 274 App. Div. 979) lends support to the principle of broad jurisdiction in the Supreme Court. It was there pointed out that the enactment of section 1426-a of the Civil Practice Act in 1942 (now CPLR 602, subd. [b]) recognized the jurisdiction of the Supreme Court in sum *255 mary proceedings, since that statute authorized consolidation of a summary proceeding with a pending action in the Supreme Court.
Section 140-b of the Judiciary Law in its reference to Supreme Court jurisdiction contains language of similar import.
While it may well be argued that the provisions of section 701 of the Beal Property Actions and Proceedings Law were intended to limit the applicability of that section to the Civil Court of the City of New York, the Legislature did not intend, nor did it possess the power, to grant exclusive jurisdiction to that court in summary proceedings.
Granted, however, that a concurrent jurisdiction exists as between the Supreme Court and the Civil Court, the court cannot close its eyes to the difficulties that would be presented in the workings of our courts if simple nonpayment proceedings were tried in the Supreme Court. The Legislature recognized the advisability of using the established facilities of the Civil Court for this type of proceeding, and this court, in its discretion and pursuant to the new judiciary article of the State Constitution effective September 1, 1962 (art. VI, § 19) will direct a transfer of the proceeding to the Civil Court of the City of New York. (See Antique & Period Furniture Co. v. Lassandro, 40 Misc 2d 635.)
The motion will be granted to the extent herein indicated.