THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AMAR MALIK, Also Known as RONALD HOLMES, Appellant.— Judgment, Supreme Court, New York County, rendered on June 21, 1971, unanimously affirmed. (See *People* v. *Gordian,* 39 A D 2d 861.) No opinion. Concur — Nunez, J. P., McNally, Tilzer, Eager and Capozzoli, JJ.

## (November 21, 1972)

LUN FAR COMPANY, INC., Respondent, v. AYLESBURY ASSOCIATES et al., Appellants.— Order of the Supreme Court, New York County, entered on July 19, 1972, granting plaintiff's motion to consolidate a summary proceeding, instituted by appellant, Aylesbury Associates, against respondent, with plaintiff's Supreme Court action for a declaratory judgment, and denying defendant's motion for an order pursuant to CPLR 2201 staying all proceedings in the action in the Supreme Court pending determination of the summary proceeding brought in the Civil Court, County of New York, reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, the motion to consolidate denied, and defendant's motion for a stay granted. Our Legislature has recognized the advisability of using the established facilities of the Civil Court in this type of proceeding. (CCA, § 204; *Matter of 3505 Realty Corp.* v. *Weinberger,* 41 Misc 2d 254; *Antique & Period Furniture Co.* v. *Lassandro,* 40 Misc 2d 635.) Implicit in the consolidation is the stay of the summary proceeding. Unless it clearly appears that relief sought is unavailable in the summary proceeding, its prosecution should not be stayed. (*Neuman* v. *Namposa Realty Corp.,* 119 N. Y. S. 2d 835.) The Civil Court has jurisdiction of the tenant's defense based on so-called reformation grounded on an executed oral modification of the lease provisions for termination at the landlord's option. We are not called upon to decide respondent's claim at this time. The Civil Court has jurisdiction to decide the issues here involved. There is no equitable or other basis for removing the summary proceeding from the Civil Court where a prompt and expeditious determination may be had. The ends of justice are always promoted by the speedy trial of an action. (*Slavin* v. *Whispell,* 5 A D 2d 296; *Mills* v. *Sparrow,* 131 App. Div. 241.) Concur — McNally, Tilzer and Eager, JJ.; Nunez and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J.: I dissent and vote to affirm for the reasons stated by the court below. However, I would direct an immediate trial of the action.