OPINION OF THE COURT
Per Curiam.
Order entered February 28,1985 modified to the extent that on renewal and/or reargument, the motion to dismiss the petition is denied and the petition is reinstated; as modified, order affirmed, with $10 costs to the appellant.
In this holdover proceeding, petitioner seeks to evict the rent-controlled tenant on the ground that the subject premises are not occupied as tenant’s primary residence (Omnibus Housing Act [L 1983, ch 403] § 42, amending New York City Rent and Rehabilitation Law [Administrative Code of City of New York] § Y51-3.0 [e] [2] [i]). The proceeding was commenced in August 1984, following service of a 30-day notice of *201 intention to commence a proceeding to recover possession on nonprimary residence grounds. After issue was joined, Civil Court granted tenant’s motion to dismiss, holding that petitioner was required to first obtain a declaration from the Supreme Court to establish the fact of nonprimary residence before resorting to an eviction proceeding in Civil Court. We disagree.
As here relevant, Omnibus Housing Act §42 amended the rent control law by excluding from the term "housing accommodation” those accommodations "not occupied by the tenant * * * as his primary residence, as determined by a court of competent jurisdiction” (emphasis added). Virtually identical language is to be found in Omnibus Housing Act §§ 41 and 55 with respect to determinations "by a court of competent jurisdiction” of nonprimary residence proceedings arising under the Rent Stabilization Law (Administrative Code § YY511.0 et seq.) and the Emergency Tenant Protection Act (L 1974, ch 576, §4). It has heretofore been decided that the Civil Court is a "court of competent jurisdiction” to determine the nonprimary residence of stabilized tenants (Park S. Assoc. v Mason, 123 Misc 2d 750, affd 126 Misc 2d 945 [App Term, 1st Dept]). Likewise, under identical authorizing language, Civil Court should also be deemed a "court of competent jurisdiction” within the meaning of Omnibus Housing Act §42 to determine the nonprimary residence of controlled tenants such as respondent. We perceive no policy reason or legislative intent to vest initial jurisdiction of nonprimary residence matters exclusively in the Supreme Court, or to draw a distinction in the forum available to landlords of controlled tenants as opposed to landlords of stabilized tenants. Both rent-protection systems similarly limit their protection to tenants who occupy the premises as their primary residence (see, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 104 AD2d 223, 225-226). Moreover, it seems to us that the Civil Court, which has a special Housing Part devoted to, inter alia, summary proceedings to recover possession of residential premises (CCA 110), is particularly situated to expeditiously pass upon the issues raised in nonprimary residence proceedings (see, Lun Far Co. v Aylesbury Assoc., 40 AD2d 794).
In the event the petition is granted, the Civil Court has the authority to grant a discretionary stay of the warrant if conditions dictate (RPAPL 753 [1]).
We have reviewed tenant’s procedural objections to petition *202 er’s prosecution of this appeal and find them to be without merit.
Hughes, J. P., Riccobono and Sandifer, JJ., concur.