OPINION OF THE COURT
Per Curiam.
Order dated April 30, 1985 unanimously affirmed, without costs, without prejudice to petitioner’s right, if so advised, to commence a new action or proceeding after service of a 30-day notice to the tenant of petitioner’s intent to commence such an action or proceeding to recover possession on the ground *859 that the premises are not occupied by the tenant as his primary residence (Administrative Code of City of New York § YY51-3.0 [a] [1] [f]; Emergency Tenant Protection Act of 1974 [L 1974, ch 576, § 4] § 5 [a] [11]).
Landlord commenced the instant holdover proceeding against the rent-stabilized tenant in June 1984 on the ground of nonprimary residence. Tenant’s most recent lease expired on May 31, 1984. Prior thereto, within 120 to 150 days of the lease termination date, landlord’s counsel advised tenant in writing that the lease would not be renewed because tenant no longer occupied the premises as his primary residence. Tenant held over and, in the ensuing holdover proceeding, Civil Court dismissed the petition for the stated reason that only the Supreme Court is authorized to make a declaration on the issue of primary residence and the Civil Court is without jurisdiction to do so. To the contrary, this court has taken the view that the Civil Court is a "court of competent jurisdiction” within the intendment of the Omnibus Housing Act of 1983 ([L 1983, ch 403] §§ 41, 55) and is empowered to determine the question of primary residence in the context of holdover proceedings commenced in that court (Park S. Assoc. v Mason, 123 Misc 2d 750, affd 126 Misc 2d 945; Madison Co. v Derderian, 130 Misc 2d 200). We adhere to that view.
We affirm the dismissal, however, on the ground that landlord did not, before commencement of the holdover proceeding, serve upon tenant a 30-day notice of its intent to commence proceedings to recover possession on the ground that the premises are not occupied by the tenant as his primary residence (Administrative Code § YY51-3.0 [a] [1] [f]; Emergency Tenant Protection Act of 1974 [L 1974, ch 576, § 4] § 5 [a] [11]). It is significantly noted that landlord did, in this post-Omnibus Housing Act case, observe the procedural requirements announced in Golub v Frank (65 NY2d 900) by giving notice to the tenant, within 120 to 150 days prior to the end of the lease term, of its intention not to offer a renewal lease (Code of Rent Stabilization Association of New York City, Inc. § 60; see, Crow v 83rd St. Assoc., 116 AD2d 1048). While it might be argued that the 120- to 150-day notice served here, which actually advised tenant of the landlord’s intent to commence holdover proceedings to regain possession in the event tenant failed to vacate at the end of the term, was the substantive equivalent of the 30-day notice, there are discrete statutory bases for each of these notices and we do not think that service of the 120- to 150-day notice of nonrenewal under *860 Code of the Rent Stabilization Association of New York City, Inc. § 60 necessarily dispenses with the separate obligation under the Rent Stabilization Law and Emergency Tenant Protection Act to serve a subsequent notice 30 days before legal proceedings are contemplated. As to the desirability or necessity of continuing to require more than one notice as a precondition for the maintenance of nonprimary residence proceedings, that is a judgment for the Legislature to make.
Our disposition is without prejudice to landlord’s right, if so advised, to commence new proceedings after service of the requisite 30-day notice.
Hughes, P. J., Sandifer and Ostrau, JJ., concur.