■ PARKSOUTH DENTAL GROUP, P. C., Respondent, v EAST RIVER REALTY, Appellant.—Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered November 15, 1985, which, in this action for a declaratory judgment to declare a clause of the lease void, granted a preliminary injunction enjoining the defendant from commencing a summary proceeding against the plaintiff on condition that certain payments be made for rent and electrical consumption, unanimously reversed, on the law, without costs and disbursements, and plaintiff's motion for injunctive relief denied.

Plaintiff is the lessee of premises located at 18 East 53rd Street in Manhattan, wherein it maintains dental offices. The rental agreement contains a rider clause establishing, as additional rent, compensation to the landlord appellant for electrical services, which compensation is entitled "electricity rent inclusion factor" (ERIF). The clause further provides that, upon the occurrence of certain events, the ERIF computation may be increased in accordance with an electrical survey performed by a consultant selected by the landlord, which survey "shall be conclusive upon both landlord and tenant." In early 1985, a survey was conducted and the ERIF rent increased to $2,372.08 per month. Plaintiff commissioned its own electrical consultant to conduct a survey. After concluding that the ERIF clause was "complicated" and "devious", that consultant determined that the ERIF rent should be $1,037.56 per month.

In September of 1985, plaintiff commenced the present action seeking a Yellowstone injunction (First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630), staying the landlord from commencing or continuing a summary nonpayment proceeding against plaintiff and seeking a declaration that the

ERIF clause was unconscionable, unenforceable and void as against public policy. Special Term properly observed that there was no need for a *Yellowstone* injunction, since the dispute here involved the amount of rent due and did not involve a notice to cure an alleged lease violation which would necessitate a stay. The landlord was seeking to commence a nonpayment proceeding, not a holdover proceeding.

Special Term also correctly noted that, ordinarily, "prosecution of a summary proceeding should not be stayed unless complete relief cannot be granted in the Civil Court *(Lun Far Co., Inc. v. Aylesbury Associates,* 40 A.D.2d 794 [1st Dept. 1972])." Also acknowledged was the fact that Civil Court has jurisdiction over equitable defenses raised by the tenant, such as claims of unconscionability. Its reason for granting the preliminary injunction, then, was to provide the tenant with pretrial discovery of the defendant's electrical consultant, which the court felt would not be readily available in a summary proceeding in Civil Court.

We find no basis for granting injunctive relief as the Civil Court, the preferred forum for speedy disposition of landlord-tenant disputes, can grant full relief to this tenant, who, therefore, is unable to make the necessary showing to invoke the equitable powers of the Supreme Court. *(See, Post v 120 E. End Ave. Corp.,* 62 NY2d 19; *Kanter v East 62nd St. Assoc.,* 111 AD2d 26; *Asherson v Schuman,* 106 AD2d 340.) It has been noted that "where the summary proceeding concerns complex rent escalation charges billed as 'additional rent' under the terms of the lease * * * a presumption in favor of permitting discovery should be indulged in by a court." *(Pamela Equities Corp. v Frey Co.,* 120 Misc 2d 281, and cases cited therein.) Thus, assuming disclosure is required here, a question we need not reach herein, Civil Court can grant the appropriate relief.

Accordingly, Special Term erred in predicating its decision to grant a stay of the landlord's summary proceeding on the unfounded theory that Civil Court could not grant meaningful disclosure to the tenant. We further note that the landlord's statement in opposition to the motion for a preliminary injunction, that "it is not the landlord's intention to terminate the lease, but only to collect the money that is due", even if properly considered a stipulation according to CPLR 2104, did not constitute a waiver of the landlord's right to commence a summary proceeding for nonpayment of rent. Taken in the context in which it is intended, that statement only reflected the landlord's consistent position held throughout this action

that a *Yellowstone* injunction was not required because the landlord intended to institute a nonpayment proceeding, not a holdover proceeding. The relief requested is, therefore, denied. Concur—Kupferman, J. P., Ross, Carro, Kassal and Wallach, JJ.