(October 13, 1987)

■ ISAAC E. AMOO et al., Respondents, v EASTLAKE REALTY COMPANY, Appellant.—In an action to declare a lease valid and enforceable, the defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 5, 1986, which granted the plaintiffs' motion to stay a pending

holdover proceeding in the Civil Court, Kings County, between the parties, and denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which granted the plaintiffs' motion for a stay of the Civil Court holdover proceeding pending between the parties, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the defendant.

In view of the triable issues of fact concerning the plaintiffs' entitlement to remain in possession of the demised premises under an allegedly valid lease, the court acted properly in denying the defendant's cross motion for summary judgment dismissing the complaint.

However, we find that the court erred in staying the holdover proceeding instituted by the defendant against the plaintiffs in the Civil Court, Kings County, pending a resolution of the instant declaratory judgment action. It is well settled that a court of equity will not stay a summary proceeding between the parties pending the outcome of a suit in equity unless the tenant has some equity or defense which is not available in the summary proceeding (see, *Parksouth Dental Group v East Riv. Realty,* 122 AD2d 708; *Kanter v East 62nd St. Assocs.,* 111 AD2d 26; *Cohen v Goldfein,* 100 AD2d 795; *Lun Far Co. v Aylesbury Assocs.,* 40 AD2d 794; *see also,* 3 Rasch, New York Landlord & Tenant—Summary Proceedings § 1412, at 238 [2d ed]). In the case at bar, it is clear that the plaintiffs may obtain full redress of their rights under the alleged lease agreement in the summary proceeding pending in the Civil Court. Accordingly, the plaintiffs' motion for a stay thereof should have been denied. Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.