■ HOLLYMOUNT CORPORATION, Appellant, v MODERN BUSINESS ASSOCIATES, INC., Respondent.

The plaintiff is a commercial tenant in premises owned by the defendant landlord. The defendant served upon the plaintiff a purported notice to cure certain conditions which were allegedly violations of the lease. Prior to the end of the cure period, the plaintiff tenant commenced the instant action and obtained a temporary restraining order, enjoining the defendant from terminating the lease. After argument, however, the court vacated the temporary restraining order, and denied stated portions of the plaintiff's motion for a preliminary injunction. This determination was in error.

The majority of the violations alleged in the notice to cure were for nonpayment or late payment of rents and additional rents. These violations do not require the protections of a *Yellowstone* injunction as rent nonpayment proceedings, which are separate from holdover summary proceedings *(see, 950 Third Ave. Co. v Eastland Indus.,* 119 Misc 2d 19), carry their own distinct cure provisions. Indeed, RPAPL 751 (1) enables a tenant found to be in default in payment of his rent to deposit the rent with the court or to pay the landlord directly within 10 days of the judgment, thereby staying issuance of a warrant of removal and thus preserving the tenancy *(950 Third Ave. Co. v Eastland Indus., supra,* at 20). While most of the violations in the instant case were rent related and thus not deserving of *Yellowstone* protections *(see, First Natl. Stores v Yellowstone Shopping Center, supra),* certain alleged violations were not rent related and were indeed curable.

The purpose of a *Yellowstone* injunction is to toll the running of the cure period so that after determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 24-25). In the instant case, the court did not consider the alleged rubbish storage violation which was purported to create a fire hazard. The tenant, who alleges the instant notice is but a part of numerous incidents of harassment by the landlord, denies that such a violation exists. Clearly a *Yellowstone* injunction was appropriate to maintain the status quo pending a determination on the merits. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.