■ SAL DE ENTERPRISES, INC., Appellant, v STOBAR REALTY, INC., Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff is not in default under a lease, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated August 14, 1987, which denied its motion for a preliminary injunction enjoining the prosecution

of a landlord-tenant nonpayment proceeding pending in the District Court, Suffolk County, and granted the defendant's cross motion to dismiss the action.

Ordered that the order is affirmed, with costs.

This landlord-tenant dispute arose because the tenant refused to comply with a clause in the lease wherein it was responsible for the thrice-weekly sweeping of the parking lot portion of the leased premises. According to that clause, in the absence of tenant compliance, the landlord could assume this responsibility and charge back to the tenant the cost thereof as rent. Upon the tenant's noncompliance, the landlord hired a contractor to sweep the parking lot and remove the debris at a cost of $2,000 per month and billed this amount to the tenant. After three months of the tenant's refusal to pay this portion of the rent bill, the landlord instituted a summary proceeding in the District Court, Suffolk County, for the nonpayment of rent.

Thereafter, the tenant instituted this action, seeking, *inter alia,* a declaration that the clause pertaining to removal of the debris had been waived and that the landlord was estopped from asserting its viability due to the fact that the predecessor landlord had never enforced it. Further, the tenant sought to enjoin the landlord from prosecuting the action pending in the District Court.

The Supreme Court properly denied the tenant's request for injunctive relief. There was no need for such an injunction since, in the summary proceeding, the landlord did not serve the tenant with a notice of default and a notice to cure the default within a specified period *(see, Parksouth Dental Group v East Riv. Realty,* 122 AD2d 708). The tenant's request for a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, *rearg denied* 22 NY2d 827) was misplaced because the landlord was not seeking to terminate the lease.

Moreover, it is clear that the tenant could seek his relief in the District Court, which has jurisdiction "[o]f any counterclaim for the rescission or reformation of the transaction upon which the plaintiff's cause of action is founded, if the amount in controversy on such counterclaim does not exceed $15,000" (UDCA 208 [c]). Since it is well settled that a court will not stay a summary proceeding pending the outcome of a suit in equity unless the tenant had some equity or defense that could not be raised in the summary proceeding *(see, Amoo v Eastlake Realty Co.,* 133 AD2d 657), the tenant was not

entitled to the stay and the Supreme Court properly granted the landlord's cross motion to dismiss the complaint under CPLR 3211 (a) (4). Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.