■ TOP-ALL VARIETIES, INC., Doing Business as TOYS & SPORTS WAREHOUSE, Respondent, v RAJ DEVELOPMENT CO. et al., Appellants.—In an action for a judgment declaring, *inter alia,* the parties' respective rights under a lease agreement, the defendants appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered August 24, 1988, which granted the plaintiff's motion for a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630).

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff is a commercial tenant which has operated a toy and sporting goods store in a shopping center owned by the defendants since 1978. The plaintiff's store is not equipped with an individual water meter, and throughout its tenancy it has received steadily increasing semiannual bills for water usage from the defendants. In November 1987, following an increase in its semiannual bill from $116.06 to $196.68, the plaintiff's president wrote to the defendants seeking additional information concerning the calculation of water usage charges. The defendants responded by increasing the plaintiff's water bill to $1,192.24 and the plaintiff subsequently initiated this action on or about January 14, 1988, seeking, *inter alia,* a declaration of the parties' rights and obligations under the lease with respect to water usage charges. Approximately three weeks later, the defendants served the plaintiff with a notice demanding payment of the disputed $1,192.24 or surrender of the premises within three days. Prior to the expiration of the three-day period, the plaintiff obtained a temporary restraining order enjoining the defendants from terminating the lease, and the Supreme Court thereafter granted its application for a *Yellowstone* injunction, tolling the three-day time period specified in the rent demand and enjoining the defendants from taking any action to terminate the lease by summary proceeding until further order of the court. This determination was in error.

The purpose of a *Yellowstone* injunction is to enable a tenant confronted by a notice of default, a notice to cure, or a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 24-25; *Heavy Cream v Kurtz,* 146 AD2d 672; *Hollymount Corp. v Modern Business Assocs.,* 140 AD2d 410). There was no need for such injunctive relief in this case, however, as the rent demand served by the landlord was the statutory prerequisite to a summary nonpayment proceeding, rather than a notice of default and a notice to cure the default within a specified period *(see,* RPAPL 711 [2]; *Sal De Enters. v Stobar Realty,* 143 AD2d 180; *Parksouth Dental Group v East Riv. Realty,* 122 AD2d 708). The landlord was thus seeking to commence a rent nonpayment proceeding, and such proceedings are separate from a holdover summary proceedings and carry their own distinct cure provisions, obviating the need for *Yellowstone* relief *(see, Hollymount Corp. v Modern Business Assocs.,* 140 AD2d 410, *supra; Parksouth Dental Group v East Riv. Realty,* 122 AD2d 708, *supra).*

Furthermore, although it is well settled that a court in equity may stay a summary proceeding pending the outcome of a suit in equity where the tenant has some equity or defense that could not be raised in the summary proceeding *(see, Sal De Enters. v Stobar Realty,* 143 AD2d 180, *supra; Amoo v Eastlake Realty Co.,* 133 AD2d 657), a stay is not necessitated upon these grounds in the instant case, as the tenant would be able to obtain full redress of his legal rights under the lease in the event that a summary nonpayment proceeding were to be commenced. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.