■ M.B.S. LOVE UNLIMITED, INC., Appellant, v JACLYN REALTY ASSOCIATES, Respondent. [626 NYS2d 504] —In an action, *inter alia,* for a judgment declaring the plaintiff's obligation to pay taxes pursuant to a lease with the defendant, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated January 18, 1994, which denied its motion for a preliminary injunction restraining the defendant from taking any measures to terminate the lease.

Ordered that the order is affirmed, with costs.

The plaintiff is a commercial tenant in premises owned by the defendant landlord. Although paragraph 33 of the lease

between the parties required the tenant to pay as rent a percentage of any increase in real estate taxes over a specified period of time, paragraph 40 excluded any such increase which, *inter alia,* was due to "the construction by other than the [t]enant of additional square footage to the building in which the [d]emised premises is located". A dispute arose between the parties as to whether the payment demanded by the landlord represented an increase in real estate taxes which was excluded under paragraph 40 of the lease. The tenant subsequently commenced this action for declaratory and injunctive relief.

The purpose of a *Yellowstone* injunction is to enable a tenant confronted by a notice of default, a notice to cure, or a threat of termination of the lease to obtain a stay tolling the running of the cure period so that, after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold *(see, Top-All Varieties v Raj Dev. Co.,* 151 AD2d 470). There was no need for such injunctive relief in this case, however, as the notice served by the landlord was the statutory prerequisite to a summary nonpayment proceeding rather than a notice of default and a notice to cure the default within a specified period of time *(see,* RPAPL 711 [2]; *Top-All Varieties v Raj Dev. Co., supra; Sal De Enters. v Stobar Realty,* 143 AD2d 180).

We have reviewed the plaintiff's remaining contention and conclude that it is without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.