■ GOLD-LAND, INC., Doing Business as LYN'S CAFE, Appellant, v STEVEN HASKELL et al., Respondents. [669 NYS2d 804] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 11, 1997, which, in an action by plaintiff commercial tenant for a declaration that it is not in violation of its lease with defendant landlord, implicitly denied plaintiff's motion for *Yellowstone* relief and *sua sponte* transferred the action to Civil Court pursuant to CPLR 325 (d), unanimously modified, on the law, the transfer vacated, and the complaint dismissed, without prejudice to plaintiff commencing an action in Civil Court, and the order otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The IAS Court's implicit denial of plaintiff's motion for a *Yellowstone* injunction was proper, but, upon reaching that determination, it should have dismissed the action. CPLR 325 (d) was not a proper vehicle for transferring this action to Civil Court. The parties may raise any outstanding issues in the commercial landlord tenant part of Civil Court (*Lun Far Co. v Aylesbury Assocs.*, 40 AD2d 794), if so advised. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.

■ PEOPLE v MIKE BEARD. [671 NYS2d 648] —Appeal dismissed because of appellant's death, and the matter remanded for dismissal of the indictment, as indicated. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.