■ LORETTA CAPOLINO, Appellant, v MARIO BUA, Respondent. [882 NYS2d 285]—

In an action, inter alia, for specific performance of a contract

for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 30, 2008, as denied that branch of her motion which was to stay all proceedings in a holdover proceeding entitled *Bua v Capolino*, pending in the Suffolk District Court, Fourth District, under docket No. SMLT 08-327, pending determination of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to stay all proceedings in the holdover proceeding entitled *Bua v Capolino*, pending in the Suffolk District Court, Fourth District, under docket No. SMLT 08-327, is granted.

The plaintiff Loretta Capolino is the tenant in the subject real property, located in Smithtown, in which she and her husband operate a restaurant. In September 2006 Capolino entered into a real estate contract to purchase the property from the landlord, the defendant Mario Bua, for a purchase price of $800,000. The contract provided for a closing in November 2006. The defendant contends that in September 2006 he cancelled the contract after the plaintiff indicated that she could not obtain financing.

Eight months later, in May 2007, the plaintiff indicated she was ready, willing, and able to close and set a "time of the essence" closing date of May 29, 2007. The defendant refused to attend the closing on the ground that the contract had already been terminated. On May 21, 2007 the plaintiff commenced the instant action in the Supreme Court, Suffolk County, seeking, inter alia, specific performance of the contract. The defendant answered and asserted, as an affirmative defense, among other things, that Capolino had breached the contract.

The lease governing the plaintiff's tenancy in the subject property expired on July 31, 2008. In September 2008 the defendant commenced a holdover proceeding against the plaintiff in the Suffolk District Court, Fourth District. On October 9, 2008 the plaintiff moved, inter alia, to stay all proceedings in the holdover proceeding pending determination of the action. The Supreme Court denied that branch of the motion. We reverse.

In the instant action, the plaintiff seeks, inter alia, specific performance of a contract for the sale of real estate, i.e., to compel the defendant to transfer title of the subject property to her. Issues of title cannot be addressed in summary proceedings, only in actions (*see Finkelman v Finkelman*, 105 AD2d 771 [1984]; *O'Frias v Melton*, 32 AD2d 1046 [1969], *affd* 27 NY2d 638 [1970]). Accordingly, the Supreme Court erred in denying

that branch of the plaintiff's motion which was to stay all proceedings in the holdover proceeding since she cannot obtain full redress in that proceeding (*cf. Top-All Varieties v Raj Dev. Co.,* 151 AD2d 470, 471 [1989]; *Sal De Enters. v Stobar Realty,* 143 AD2d 180, 181-182 [1988]; *Amoo v Eastlake Realty Co.,* 133 AD2d 657 [1987]; *accord Nissequogue Boat Club v State of New York,* 14 AD3d 542, 544-545 [2005]). Skelos, J.P., Fisher, Belen and Lott, JJ., concur.