Hillside Park 168, LLC, Appellant,
against
S.M. Zaman, Respondent, and Mosommot Sonia Rahman, Tenant, et al., Undertenants. 




Curtis Harger, Esq. (Neil Finkston of counsel), for appellant.
Queens Legal Services, (George C. Gardner, III and Lino Diaz of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maria Ressos, J.), entered August 11, 2017. The order, insofar as appealed from, granted the branch of a motion by tenant S.M. Zaman seeking to stay a holdover summary proceeding pending the determination of a related Supreme Court action.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of the motion by tenant S.M. Zaman seeking to stay the holdover summary proceeding pending the determination of a related Supreme Court action is denied.
For the reasons stated in Hillside Park 168, LLC v Hossain (61 Misc 3d 132[A], 2018 NY Slip Op 51451[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), the order, insofar as appealed from, is reversed and the branch of the motion by tenant S.M. Zaman seeking to stay this holdover proceeding based on a failure to execute a renewal lease, pending the determination of a related Supreme Court action, is denied (see also Lun Far Co. v Aylesbury Assoc., 40 AD2d 794, 794 [1972] ["Unless it clearly appears that relief sought is unavailable in the summary proceeding, its prosecution should not be stayed"]).
ELLIOT, J.P., and PESCE, J., concur.
SIEGAL, J., dissents and votes to affirm the order, insofar as appealed from, in the following memorandum:
Under the circumstances of this case, I respectfully dissent and vote to affirm so much of the order of the Civil Court as granted the branch of the motion by tenant S.M. Zaman seeking to stay the holdover summary proceeding pending the determination of the action pending in the Supreme Court.
A holdover proceeding may be properly stayed pending the resolution of a related Supreme Court action where there is an identity of issues and the ability of the court in which the earlier-commenced action was brought to reach a more complete and just resolution (see El Greco, Inc. v Cohn, 139 AD2d 615 [1988]). Here, tenant, like the tenant in Hillside Park 168 v Hossain (61 Misc 3d 132[A], 2018 NY Slip Op 51451[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]),[FN1]
first as part of a group complaint joined by 12 other tenants, commenced an action in Supreme Court alleging landlord's unlawful increase of the rent in a lease renewal, and landlord subsequently commenced the instant proceeding to evict tenant for failure to return an executed renewal lease. As the Supreme Court is in a better position to resolve the parties' issues more fully and to hear the pattern of alleged harassment, it was well within the discretion of the Civil Court to stay the proceeding (cf. Capolino v Bua, 63 AD3d 1092 [2009]).

I differ from the conclusion of the majority in that I find that complete relief cannot be achieved in the summary proceeding and there is no claim by landlord that the summary proceeding can resolve all of tenant's claims. Rather than expediting the resolution between the parties, the majority's determination will require tenant to defend against the Civil Court proceeding, expending additional resources and time, while still pursuing complete satisfaction in the court of general jurisdiction.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 02, 2019



Footnotes

Footnote 1:I acknowledge that the Appellate Term in Hillside Park 168 v Hossain (61 Misc
~~3d 132[A], 2018 NY Slip Op 51451[U]) unanimously found, in a case involving the same landlord and a similar fact pattern, that a Civil Court judge's issuance of a stay was an improvident exercise of discretion; I nonetheless maintain that in the instant matter the Civil Court judge was well within her discretion in granting the stay.~~