170 Tillary Corp. v Gold Tillary Realty, LLC (2025 NY Slip Op 06681)

170 Tillary Corp. v Gold Tillary Realty, LLC

2025 NY Slip Op 06681

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-09662
 (Index No. 510354/22)

[*1]170 Tillary Corp., respondent, 
v
Gold Tillary Realty, LLC, etc., appellant.

Greenberg Traurig, LLP, New York, NY (Paul H. Schafhauser of counsel), for appellant.
Rosenberg & Estis, P.C., New York, NY (Norman Flitt and Laura A. Raheb of counsel), for respondent.

DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 1, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for a Yellowstone injunction insofar as it applied to certain base rent sought in a 15-day commercial notice demanding payment of rent dated May 8, 2023, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The underlying facts of this appeal are set forth in this Court's decision and order on related appeals (see 170 Tillary Corp. v Gold Tillary Realty, LLC, _____ AD3d _____ [Appellate Division Docket Nos. 2022-09138, 2023-03363; decided herewith]). As relevant here, the defendant (hereinafter the landlord) served a 15-day commercial notice demanding payment of rent dated May 8, 2023 (hereinafter the 2023 rent demand), on the plaintiff (hereinafter the tenant). In the 2023 rent demand, the landlord sought payment for water and sewer charges due through May 2023, base rent from November 2021 through May 2023, and real estate taxes from 2021 through 2023. The tenant moved, inter alia, for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). In an order dated August 1, 2023, the Supreme Court, among other things, granted that branch of the tenant's motion. The landlord appeals.
Contrary to the Supreme Court's determination, the 2023 rent demand was a statutory rent demand serving as a prerequisite to a summary nonpayment proceeding, not a notice to cure (see RPAPL 711[2]; EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U], *1 [App Term, 2d Dept, 11th & 13th Jud Dists]). Nevertheless, the court properly granted that branch of the tenant's motion which was for a Yellowstone injunction insofar as it applied to the real estate taxes and water and sewer charges sought in the 2023 rent demand.
As we determined in related appeals decided herewith (see 170 Tillary Corp. v Gold Tillary Realty, LLC, _____ AD3d _____ [Appellate Division Docket Nos. 2022-09138, 2023-03363]), although the 2023 rent demand was the statutory prerequisite for a nonpayment proceeding, which generally cannot form the basis of a Yellowstone injunction (see M.B.S Love Unlimited v [*2]Jaclyn Realty Assoc., 215 AD2d 537, 538; Top-All Varieties v Raj Dev. Co., 151 AD2d 470, 471), it is uncertain whether payment of real estate taxes and water and sewer charges could be collected in a nonpayment proceeding. More importantly, it is uncertain whether the tenant could take advantage of the protections afforded to a tenant under RPAPL 751(1) because, pursuant to the lease, the tenant must pay those sums "by delivering [a] certified check to Landlord payable to appropriate city agency." Accordingly, because "the Yellowstone rule is equitable in nature" (Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co., 94 AD2d 466, 477, affd 62 NY2d 930), in the interest of ensuring that the tenant has the opportunity to defend its substantial property interest in a lease agreement between the tenant and the landlord, the Supreme Court properly granted that branch of the tenant's motion which was for a Yellowstone injunction insofar as it applied to the real estate taxes and water and sewer charges sought in the 2023 rent demand.
However, the Supreme Court erred in granting that branch of the tenant's motion which was for a Yellowstone injunction insofar as it applied to the base rent sought in the 2023 rent demand. Because the 2023 rent demand was served as a prerequisite to a summary nonpayment proceeding to collect allegedly owed base rent, there was no need for Yellowstone relief with respect to late fees sought in the 2023 rent demand, as the 2023 rent demand was the statutory prerequisite for a nonpayment proceeding in which the tenant will be afforded the protections of RPAPL 751(1) (see M.B.S Love Unlimited v Jaclyn Realty Assoc., 215 AD2d at 538; Top-All Varieties v Raj Dev. Co., 151 AD2d at 471).
Although judicial economy may support hearing the entirety of this action as one, such does not override the fact that statutory rent demands generally cannot form the basis of a Yellowstone injunction (see Top-All Varieties v Raj Dev. Co., 151 AD2d at 471) or the strong preference that landlord-tenant disputes be litigated in the Housing Court (see Post v 120 E. End Ave. Corp., 62 NY2d 19, 28).
The tenant's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court